## Ellen S. Smith, by Arthur W. Smith, Conservator, Appellee, v. Board of Trustees of the Firemen's Pension Fund of the City of Bloomington, Appellant.

1. MUNICIPAL CORPORATIONS, § 143*—*when widow of fireman not deprived of benefits of Pension Fund Act.* The mere fact that a fireman's pension fund created by a city had not at the time of the death of a fireman reached the minimum amount of $25,000, required in a city of its size under section 4 of the Firemen's Pension Fund Act of 1887 (J. & A. ¶ 1891), before pensions could be paid, did not deprive his widow of the benefits of the act when the fund reached the prescribed amount.

2. MUNICIPAL CORPORATIONS, § 143*—*what was effect of Revision Act of 1915 upon rights of widow of fireman to pension under Act of 1887.* The rights of a widow to the benefits of the Firemen's Pension Fund Act of 1887 (J. & A. ¶ 1888 et seq.), and to a pension, upon the pension fund of the city reaching the minimum amount requisite before pensions could be paid, after death of her husband and after the Revision Act of 1915 [Callaghan's 1916 St. Supp. ¶ 1904(1) et seq.], were not defeated by the Revision Act, since the sections in the latter act applicable to the rights of the widow are substantially the same as those contained in the Act of 1887.

3. STATUTES, § 142*—*what is effect of revision.* Where the law on a particular subject is revised and rewritten, only the provisions of the old law which are omitted from the revised act are repealed, and all provisions of the old law retained in the new act are regarded as having been continuously in force.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed July 15, 1918.

STONE & DICK, for appellant.

BARRY & MORRISSEY, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

Ellen S. Smith is the widow of Wilson F. Smith,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

who died February 25, 1914. At the time of his death, he had been for more than 23 years a member of the Fire Department of the City of Bloomington, and was receiving for his services $70 per month. Bloomington at that time was a city of more than 25,000 and less than 75,000 inhabitants and had for many years maintained a paid fire department, and had accumulated a pension fund under the Firemen's Pension Fund Act of 1887 (J. & A. ¶ 1888 *et seq.*), although the minimum of said fund had not at that time reached the sum of $25,000. After her husband's death and on April 13, 1914, Mrs. Smith made her application to the Board of Trustees of the Firemen's Pension Fund for a pension, which was refused for the reason that the fund at that time had not reached the minimum of $25,000. The fund did not reach the sum of $25,000 until March 2, 1916. On June 3, 1916, she renewed her application and it was again refused. Thereupon she, having been adjudged insane, by her conservator filed her petition in the Circuit Court of McLean county for a writ of certiorari to review the record of the proceedings of the Board of Trustees of the Firemen's Pension Fund. This is an appeal from the order of the court, sustaining a motion made by her to quash the record of said board of trustees.

Section 4 of the Act, as amended in 1909 (J. & A. ¶ 1891), provided, in substance, that when $25,000 shall be received and accumulated in such fund in cities having a population of less than 75,000 and more than 25,000, such sum shall be retained as a permanent fund, and, thereupon and thereafter, the annual income of such fund and any excess thereof shall be available for the uses and purposes of such pension fund. Section 8 of the Act, as amended in 1913 [Callaghan's 1916 St. Supp. ¶ 1895], provided that if any member of such fire department shall die while in said service after 20 years' service and shall leave a widow, minor child or minor children under 16 years

of age, or dependent father or mother surviving, said board of trustees shall direct the payment from said pension fund to such widow, while unmarried, $35 per month, provided that there shall not be paid a total pension exceeding one-half of the amount of the annual salary of such fireman at the time of his decease. This section further provided as follows: "If at any time there shall not be sufficient money in such pension fund to pay each person entitled to the benefits thereof, the full amount per month, as hereinbefore provided, then, and in that event, an equal percentage of such monthly payments shall be made to each beneficiary thereof, until the said fund shall be replenished to warrant the payment in full to each of said beneficiaries." In 1915 an act was passed by the legislature, which was approved June 29, and became in force July 1 [Callaghan's 1916 St. Supp. ¶ 1904 *et seq.*], entitled: "An Act to revise the law creating a firemen's pension fund in cities, villages and incorporated towns, whose population exceeds five thousand (5,000) inhabitants." Section 6 of this Act [Callaghan's 1916 St. Supp. ¶ 1904(6)] is substantially the same as section 8 of the Act of 1887 as amended in 1913, in so far as the payment of pensions to the widows of deceased firemen who have served 20 years is concerned, except that it raises the amount from $35 to $45 per month and omits the provision that the amount paid shall not exceed one-half the amount of the annual salary of such deceased fireman. Section 1 of the Revised Act of 1915 [Callaghan's 1916 St. Supp. ¶ 1904(1)] provides that the words "fireman" or "firemen" as used in the act shall include all persons who, at the time that the act shall become effective, are entitled to the benefits of the Act of 1887 as amended. Section 8 [Callaghan's 1916 St. Supp. ¶ 1904(8)] provides that the widow, orphans and dependent parents of deceased firemen, and all retired firemen who are now entitled to pension or annuity

under the provisions of the Act of 1887 as amended, shall be entitled to the benefits, pensions and annuities provided for by this act, provided, such person shall thereupon cease to receive pensions, relief or benefits under said Act of 1887. Section 14 of the Revision Act [Callaghan's 1916 St. Supp. ¶ 1904(14)] repeals the Act of 1887 and the amendments thereto.

Two reasons are advanced by appellants why Mrs. Smith is not entitled to a pension: First, that she never became entitled to a pension under the Act of 1887 because her husband died before the pension fund had accumulated the sum of $25,000; second, because the Act of 1915 repealed the Act of 1887 as amended without any saving clause. Section 1 of the Act of 1915 provides that the term "fireman" as used therein shall include all persons who at the time that the act shall become effective are entitled to the *benefits* of the Act of 1887. It seems that there is hardly room for controversy that the husband of Mrs. Smith at the time of his death was, and that Mrs. Smith by reason of his death became, entitled to the benefits of the Act of 1887. The mere fact that the pension fund at that time had not reached the minimum amount which the act provided should be necessary before pensions should be paid did not deprive her of the benefits of the act when the fund had reached the prescribed amount. In the case of *People v. Abbott*, 274 Ill. 380, the Supreme Court had before it for construction the Police Pension Fund Act of 1909, which provided for the payment of pensions to policemen who had served as such for a period of 20 years, and to the widows of such policemen. It also provided that the pension fund should be accumulated from ten different sources, which should be disbursed by a board of trustees, composed of five members, two of whom were to be appointed by the mayor. The action in the *Abbott* case, *supra,* was by petition for manda-

mus filed upon the relation of two ex-policemen of the City of Quincy, praying that peremptory writ of mandamus be issued commanding the mayor to appoint two qualified residents of that city as members of the Board of Trustees of the Police Pension Fund of said city, in accordance with the provision of the Police Pension Act of 1909. The petition averred that the relators at the time of the retirement from the police force in 1911 had served on such force for 38 and 48 years, respectively, and were eligible to pensions; that no police pension fund had been set apart, formed or disbursed in said city and no board of trustees of such fund appointed pursuant to said act; that relators were entitled to have said pension fund set apart and to participate in the benefits thereof as pensioners; that the mayor, though requested, had refused to appoint two persons for said board of trustees. The court held that the act was mandatory upon the City of Quincy to create a police pension fund and that the relators were entitled to the benefits thereof. In that case no steps had been taken even to establish a fund, yet the court held that eligible beneficiaries had a right by mandamus to enforce the establishment thereof for their benefit. The Firemen's Pension Act of 1887 was also mandatory upon the municipalities embraced within its terms, and if the City of Bloomington had failed to take steps to establish this pension fund, unquestionably Mrs. Smith would have had a right to have compelled it to do so. A person otherwise eligible is entitled to the right to the pension provided by the act as soon as it goes into force, and this right cannot be destroyed by failure of the proper officers to enforce the act, or because the fund has not reached the proportion necessary before payments therefrom can be made. In the case at bar, Mrs. Smith became entitled to the benefit of the act when her husband died, and this was that she should receive

a pension out of said pension fund as soon as the payments therefor were available.

She being entitled to the benefits of the Act of 1887, her rights to a pension were not defeated by the Revision Act of 1915. The latter was, as its name implies, a revision of the law in regard to firemen's pensions. The sections in the new act which are applicable to the rights of appellee are substantially the same as those contained in the Act of 1887. ''Where the law on a particular subject is revised and rewritten, only the provisions of the old law which are omitted from the revised act are repealed, and all provisions of the old law retained in the new act are regarded as having been continuously in force. (*Mette v. Feltgen,* 148 Ill. 357.) * * * There is no hiatus between the death of the old and the coming in of the new law.'' *Merlo v. Johnston City and Big Muddy Coal & Mining Co.,* 258 Ill. 328. It undoubtedly was not the intention of the legislature, by the passage of the Revision Act of 1915, to deprive any person of any benefits which they might have been entitled to under the Act of 1887. The intention that all such benefits were to be preserved is manifest from sections 1 and 8. The policy of creating pensions during recent years has been expanding and the constitutionality of pension acts has been almost universally upheld. ''A system of pensions to municipal officers and employees, injured or disabled while on duty or retiring after a term of service, has gradually arisen and is being extended during recent years. The constitutionality of statutes establishing such pension system is sustained upon the ground that 'these annuities * * * are in the nature of compensation for services previously rendered for which full and adequate compensation was not received at the time of the rendition of the services. It is, in effect, pay withheld to induce long-continued and faithful service, and the public benefit accrues in two ways:' by encourag-

128    APPELLATE COURTS OF ILLINOIS.

Colton v. Bd. of Trustees of Firemen's Pen. Fund, 212 Ill. App. 128.

ing competent employees to remain in the service, and by retiring from the public service those who have become incapacitated from performing the duties as well as they might be performed by younger or more vigorous men." *People v. Abbott, supra; Hughes v. Traeger,* 264 Ill. 612.

The judgment of the Circuit Court is affirmed.

*Affirmed.*