## The People of the State of Illinois ex rel. George M. Houren, Appellee, v. Board of Trustees of Firemen's Pension Fund of Village of Oak Park et al., Appellants.

### Gen. No. 25,458.

1.. MUNICIPAL CORPORATIONS, § 143*—how period of service is determined. Under Hurd's Rev. St. sec. 17, ch. 24 (J. & A. ¶ 1654), providing for the transfer of firemen and policemen upon organization of a municipality out of part of another, where a fireman was in the employ of a town out of part of which a new village was organized to which he was transferred, his time as fireman of the town will be added to his time as fireman of the village, for the purpose of computing the 20 years of service required to entitle him to a pension, under section 7 of the Firemen's Pension Fund Act [Callaghan's 1920 Stat. ¶ 1904(21)].

2. MUNICIPAL CORPORATIONS, § 143*—how statute as to period of service is construed. Section 7 of the Firemen's Pension Fund Act of 1917 [Callaghan's 1920 Stat. ¶ 1904(21)], providing that "any fireman of any such city, township, village or incorporated town, after having served twenty (20) years or more as a fireman," shall be paid a pension, must be liberally construed.

· SUPPLEMENTAL OPINION.

MUNICIPAL CORPORATIONS, § 143*—what statute governs as to period of service. Where a petition for a writ of mandamus, to compel the trustees of the Firemen's Pension Fund of a village to enroll the relator as a benefactor of the fund under the Firemen's Pension Fund Act of 1917, was filed and final order was entered therein, and thereafter the Act of 1917 was repealed by the Pension Fund Act of 1919, which increased the period of service from 2 to 5 years, and provided that an applicant was not entitled to a pension until he reached the age of 50 years, the rights of the relator are to be determined thereunder and not in accordance with the Act of 1917.

Appeal from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed October 6, 1920. Rehearing denied and opinion modified January 3, 1921.

CLITHERO & SWETT and FRED B. HOVEY, for appellants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number. '

E. C. WESTWOOD and NORMAN A. BECK, for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

The relator, George M. Houren, on July 24, 1919, filed a petition for a writ of mandamus praying that the respondents, the Board of Trustees of the Firemen's Pension Fund of the Village of Oak Park be directed to enroll him as one of the benefactors of the Firemen's Pension Fund and that he be paid an amount equal to one-half of his salary. The respondents demurred and their demurrer was overruled and they were given leave to answer. They then filed an answer, that was demurred to, the demurrer sustained, and they were again given leave to amend their answer. They filed an amended answer, that was demurred to, and the demurrer sustained; and they were given authority again to amend their answer. On June 11, 1919, they filed a second amended answer. That was demurred to and the demurrer sustained and the respondents then electing to stand upon their answer, the trial judge ordered that the writ issue. This appeal is from that order.

The allegations of the petition are substantially as follows: That the relator has been a resident of the Village of Oak Park for over 20 years; that Oak Park is a village organized under the Cities and Villages Act of July 1, 1872, and has a population in excess of 5,000; that it has for some years past maintained a "Board of Trustees of the Firemen's Pension Fund"; that the relator on November 6, 1918, and for more than 23 years, has been a member of the Fire Department of the Village of Oak Park, and on November 6, 1918, held the rank of captain with a salary of $137.50 per month; that on November 6, 1918, he was discharged and notified that he was discharged for cause; that prior thereto he never had received any notice of charges filed against him and was discharged without

a hearing; that he had at that time served as fireman for 22 years, the last two of which were continuous; that on November 6, 1918, he made a written application to the "Board of Trustees of the Firemen's Pension Fund" for a pension, which application was on December 22, 1918, denied; that the Board has in its possession sufficient funds to pay those entitled to benefits; that for several years he paid or had been charged with one per cent of his salary and has paid all assessments levied against him; that it is the duty of the Board to order that he be paid a monthly pension of $68.75, equaling one-half his salary, and to enroll him as a beneficiary.

The answer of the respondents, as secondly amended, and then finally amended, admits practically all the material allegations of the petition, save that (1) it neither admits nor denies that the relator had been a fireman continuously for the Town of Cicero or the predecessor of the Village of Oak Park for a sufficient number of years to make up a continued service of 23 years, but calls for proof thereof; (2) it denies that the relator was unable to know the cause of his discharge and denies that he was summarily discharged; (3) it denies that these are sufficient available funds; (4) it denies that it is the duty of the Board to enroll the relator as a beneficiary or to pay him a pension. The final amended answer sets up (1) that the amount of funds in the hands of the Board is $14,188.25; (2) that the Village of Oak Park is a municipal corporation organized in 1902 under the laws of the State of Illinois, and as such village has not had the relator in its employ for a period of 20 years.

From the foregoing, it will be seen that the substantial question arises by reason of the last allegation. Section 7 of the Firemen's Pension Fund Act of 1917 (Laws of 1917, p. 231 [Callaghan's 1920 Stat. ¶ 1904(21)]) is in part as follows: "Any fireman of any such city, township, village or incorporated town,

after having served twenty (20) years or more as a fireman," shall be paid a pension.  The allegation of the answer is that the relator was not employed by the Village of Oak Park for a period of 20 years.  It is assumed by counsel for both sides that the present area of the Village of Oak Park was, prior to 1902, part of the Town of Cicero; that in 1902 the Village of Oak Park came into being as a municipality; that the relator was originally, and prior to 1902, a fireman of the Town of Cicero, and as such was located in that part of it which was commonly called Oak Park; that, taking his service as fireman for the Town of Cicero prior to 1902, and his service for the Village of Oak Park since 1902, he has served as a fireman for more than 20 years.  But assuming those facts, counsel for the respondents deduce therefrom that the relator has not served their village "20 years" as required by the statute; and, on the other hand, counsel for the relator claim that relator's time as fireman of the Town of Cicero may be added to his time of service to the municipality of Oak Park.

It is provided in section 18, 193b, ch. 24, p. 340, Hurd's Rev. St. 1917 (J. & A. ¶ 1535), as follows:

"Any part of any village or incorporated town in this State, lying upon the border thereof, and having a population of not less than three hundred (300) inhabitants, may become organized as a village under this act in the manner following:" etc.

And in section 23, p. 341 (J. & A. ¶ 1540), it is provided that:

"Sections eight (8) to eighteen (18), both inclusive, and section twenty (20) of the act entitled, 'An Act to Provide for the Annexation of Cities, Incorporated Towns and Villages, or Parts of Same, to Cities, Incorporated Towns and Villages,' approved and in force April 25, 1889, and all amendments thereto, shall be applicable and govern in all matters affecting the interests, status, properties, division, distribution and settlement of the matters and things mentioned in said

act, so far as the provisions of said act are applicable and are not in conflict with the provisions of the foregoing sections of this act. And in the application of the provisions of the said act and of the amendments thereof, the said new village shall be considered as a village or incorporated town to which territory is annexed, and the old village or incorporated town from which said new village is formed shall be considered as a village or incorporated town from which territory is taken.''

It is provided in section 17, ch. 24, p. 387, Hurd's Rev. St. 1917 (J. & A. ¶ 1654), as follows:

''All policemen and firemen lawfully in the employ of any city, village or incorporated town, the whole of which may be annexed to another, as provided in this act, shall be transferred to and become a part of the police and fire department force of such city, village or incorporated town.''

As the municipality of Oak Park, organized in December, 1901, was organized pursuant to section 13, *supra,* out of part of the Town of Cicero and, by reason of section 23, *supra,* is to be considered ''as a village or incorporated town to which territory is annexed'' and as to such a village, section 17, *supra,* of the Act of April 25, 1889, applies, it follows that the relator as a fireman in the employ of the Town of Cicero was legally ''transferred to'' and became ''a part of a police and fire department force of'' the newly incorporated municipality of Oak Park; and such being the facts, are we not bound, when answering the question whether he had served the municipality of Oak Park for 20 years as a fireman, to add together the time that he served the Town of Cicero and the time he served the municipality of Oak Park as a fireman? Under section 17, *supra,* the new municipality of Oak Park was bound to take him over as a fireman, and may it not be reasonably said that, in doing so, it took him with his history of service for the Town of Cicero. There is certainly no hardship in so concluding. When the

territory composing the new municipality of Oak Park was segregated from the Town of Cicero, all matters pertaining to their mutual obligations and property rights, including any fireman's pension fund, that then existed, both in relation to the Town of Cicero and the new municipality of Oak Park, were settled pursuant to section 13, ch. 24, p. 386, Hurd's Rev. St. 1917 (J. & A. ¶ 1650).

We are of the opinion that the contention of the respondents that the time of service of the relator as fireman for the Village of Oak Park was less than 20 years and, therefore, failed to fulfil the requirements of the statute, is untenable. The statute must be liberally construed. *People v. Abbott,* 274 Ill. 380; *Colton v. Trustees of Firemen's Pension Fund of Bloomington,* 287 Ill. 56.

The order of the trial court uses the expression that the relator should be paid out of the money available. Construing that to mean out of the fund when it becomes not less than $25,000, the judgment is affirmed.

*Affirmed.*

O'CONNOR and THOMSON, JJ., concur.

### SUPPLEMENTAL OPINION.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

The respondents, the Board of Trustees, etc., having filed a petition for a rehearing and their motion having been allowed, this opinion is rendered modifying in part the former opinion of this court in the instant case.

In the petition for a rehearing, counsel for the respondents have suggested that as the legislature repealed the Firemen's Pension Fund Act of 1917, since the relator filed his petition and the final order was entered therein, the relator's rights are now to be

determined by the Firemen's Pension Fund Act of 1919 (Laws of 1919, p. 743), and that, as the new act increases the period of last continuous service from 2 years to 5 years, and provides that the applicant is not entitled to be paid a pension until he reaches the age of 50 years, the judgment either (1) should be reversed, or (2) reversed and remanded with leave to the relator to amend his petition, so as to set forth, if he is able, facts entitling him to a pension from the respondents under the Firemen's Pension Fund Act of 1919.

Upon an examination of the new Firemen's Pension Fund Act of July, 1919, we are of the opinion that the rights of the relator are to be determined thereunder and not in accordance with the Act of 1917, which by section 14 of the Act of 1919 was repealed. It follows, therefore, that it will be necessary for the relator to set forth in his petition and show that he has fulfilled the requirements of the present statute of 1919.

The judgment here, therefore, will be reversed and the cause remanded that the relator may have leave to amend his petition so that he may therein set forth and at a new trial prove that he is 50 years of age, as made necessary by the Firemen's Pension Fund Act of 1919.

*Reversed and remanded.*

O'CONNOR and THOMSON, JJ., concur.