DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1923.

The People of the State of Illinois ex rel. George M. Houren, Appellee, v. Board of Trustees of the Firemen's Pension Fund of the Village of Oak Park et al., Appellants.

### Gen. No. 27,591.

1. OFFICERS AND PUBLIC EMPLOYEES—*sufficiency of petition for mandamus by retired fireman for pension.* An amended petition for writ of mandamus to compel trustees of a fireman's pension fund to enroll relator as a retired fireman entitled to receive a pension sufficiently states a. cause of action under the Firemen's Pension Fund Act of 1919, Cahill's Ill. St. ch. 24, ¶ 928 *et seq.*, where it alleges the requisite facts to entitle relator under the latter act, although it refers to the act of 1917, under which it was originally filed, where such reference is for the sole purpose of alleging that relator is a "fireman" within the meaning of the act of 1917, the provisions of the two acts being the same in that respect and the amended petition having been filed pursuant to an order remanding the cause after appeal to permit relator to bring himself within the provisions of the later act.

2. OFFICERS AND PUBLIC EMPLOYEES—*when right of retired fireman is not affected by change in pension statute.* The fact that relator, seeking to compel his enrolment by trustees of a firemen's pension fund on the pension rolls as a retired fireman under the

(481)

act of 1919, was not fifty years of age when his petition for mandamus was originally filed under the act of 1917 does not require that his right to a pension under the later act fixing that age limit shall be determined as of the date of the original filing of the petition where an amended petition for the writ, filed pursuant to a remanding order made to enable him to bring himself within the later act, contains such additional facts and shows that he reached the required age after the filing of the original petition.

3. OFFICERS AND PUBLIC EMPLOYEES—*sufficiency of tender pendente lite by retired fireman to preserve pension rights.* A tender by a retired fireman in one lump sum of the required amount of monthly contributions by him to the pension fund for the period from the date of his retirement to the date when he reached the age of fifty years as required by the Firemen's Pension Fund Act of 1919 is sufficient to keep him in good standing although his right to pension accrued under the act of 1917, where the later act became effective pending mandamus proceeding by him under the earlier act and the tender was made after a decision in such proceeding that his rights were to be determined under the later act.

4. APPEAL AND ERROR—*remanding order as fixing issues triable by lower court.* Under a remanding order in a mandamus proceeding by a veteran fireman for a pension, permitting relator to amend his petition in specified particulars to bring himself within the provisions of a later act than that under which he filed his petition, the trial court is limited to the issues made by the amended petition setting forth the required new facts, and on appeal from the action of the lower court sustaining the amended petition the Appellate Court will limit the review to such facts.

Appeal by defendants from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Affirmed. Opinion filed April 11, 1923. Rehearing denied April 26, 1923.

FRED B. HOVEY and LEVI H. FULLER, for appellants.

N. A. BECK and E. C. WESTWOOD, for appellee.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

The relator, George M. Houren, on January 24, 1919, filed a petition for a writ of mandamus, praying that the respondents, the Board of Trustees of the Fire-

men's Pension Fund of the Village of Oak Park, be directed to enroll him as one of the benefactors of the firemen's pension fund, and pay him an amount equal to one-half of the salary he was receiving at the time he ceased being an active member of the fire department. The demurrer of the relator to the amended answer of the respondents was sustained and the respondents elected to stand upon their answer, the writ prayed for was awarded, from which order the respondents perfected their appeal to this court. The mandamus order thus appealed from was reversed and the cause was remanded. *People ex rel. Houren v. Board of Trustees*, 220 Ill. App. 242.

In that former decision this court held that by his petition the relator had established that he was entitled to the relief prayed for, and to receive a pension, under the Firemen's Pension Fund Act of 1917, and that the matters set up by the answers demurred to were insufficient to bar such right and that the relator's demurrer to the answers was properly sustained. After this court had accordingly affirmed the order of the circuit court, appealed from, it was pointed out, on petition for rehearing, that since the relator had filed his petition, and the order appealed from had been entered, the legislature had passed a new Firemen's Pension Fund Act, which went into effect July 11, 1919 [Cahill's Ill. St. ch. 24, ¶ 928 *et seq.*]; that this act repealed the act of 1917; that the act of 1919 provided that, in order to be entitled to a pension, the fireman must have served as such for a period of twenty years, the last five of which must have been continuous service, whereas the act of 1917 merely provided that the last two of the twenty years must have been a continuous service, and, further, that the act of 1919 provided that a fireman would not be entitled to be paid a pension until he reached the age of fifty years. It was then held by this court that the rights of the relator to a pension must be determined

under the provisions of the new act. It was alleged by the relator in his petition that the relator at the time he filed his petition had been in continuous service as a fireman for twenty-three years. There was some question, under the pleadings on the former appeal, on the question of whether the period of the service of the relator as a fireman in the Town of Cicero, prior to its annexation to the Village of Oak Park, should be taken into consideration in this connection, and on the former decision this court determined that proposition adversely to the respondents. This court then reversed the order appealed from and remanded the cause, "that the relator may have leave to amend his petition, so that he may therein set forth and at a new trial prove that he is fifty years of age, as made necessary by the Firemen's Pension Fund Act of 1919."

The Firemen's Pension Fund Act of 1919 provides that any fireman who has served twenty years as such, of which the last five years shall be continuous, may retire from active service, and when such retired fireman shall have reached the age of fifty (50) years, the pension board shall order and direct that he be paid a monthly pension, equal to one-half the amount of the monthly salary attached to the rank which the fireman held in the service at the time of his retirement, provided he "has remained in good standing, by paying to the treasurer of the board, his monthly contributions from the time of his retirement until he shall reach the age of fifty (50) years, as required by this Act." [Cahill's Ill. St. ch. 24, ¶ 934.]

After the former decision of this case in this court, it was redocketed in the circuit court. Thereupon, the relator filed an amendment to his petition, adding a paragraph, in which he set up that he reached the age of fifty years on August 15, 1920, and in which he further alleged that he had tendered and offered to pay the treasurer of the pension board, the sum of $144.38,

the same being five per centum of an amount equal to the monthly salary of the relator, at the time he left the service, from such time up to August 15, 1920, and that the treasurer had refused to accept it. Demurrers were filed to the petition as amended and these were overruled. Thereupon, the respondents filed certain pleas to the petition as amended, and later an additional plea was filed, to all of which pleas the relator demurred. Upon a hearing of the issues thus presented the trial court sustained the demurrer of the relator to all of the respondents' pleas. The respondents .elected to stand by their pleas, whereupon, the court ordered that the writ of mandamus, prayed for, issue. To reverse that order the respondents have perfected this appeal.

In support of the appeal the respondents urge, first, that the petition does not state a cause of action as it is based on the Firemen's Pension Fund Act of 1917, which has been repealed. The petition, as amended, makes a reference to the act of 1917, but only for the purpose of alleging that the relator was a "fireman" within the meaning of that word as used in the act of 1917. In this respect the act of 1919 is exactly like the former act. We consider the petition, as amended following the order of this court remanding the cause to the circuit court, as one in which the relator claims to be entitled to a pension under the provisions of the act of 1919.

The respondents next urge that the rights of the relator must be determined according to the situation existing at the time he filed his petition, which was January 24, 1919; that at that time, according to the relator's own allegations, he had not reached the age of fifty years and that therefore he cannot be held to have been entitled to a pension because, at that time, he could not fulfill the conditions entitling him to a pension under the present act. In our opinion, this contention is not tenable. At the time the relator filed

his petition, the Pension Act of 1917 was in effect. On our former decision in this case we held, as above stated, that by his petition the relator had set forth facts which entitled him to a pension under the act of 1917, and that the allegations contained in the answers of the respondents were not sufficient to show that he was not entitled to a pension under that act. In reaching that conclusion we noted certain facts which were pertinent, the existence of which had been assumed by the parties as indicated by their respective briefs filed in this court. The provisions of the act of 1919 are, in nearly all respects, the same as those of the act of 1917. The provisions of the act of 1919, so far as they are the same as the act of 1917, must be considered as a continuation of such prior provisions, and not as a new enactment. Ill. Sts. 131, Sec. 2 (J. & A.) par. 11103. It having been decided that the relator was entitled to a pension, under the provisions of the act of 1917, he may not be deprived of that right, or of any benefit which he might have been entitled to, under the act of 1917, by reason of the passage of the act of 1919 [Cahill's Ill. St. ch. 24, ¶ 928 *et seq.*], unless such result becomes necessary under some one of the provisions of the new act, which were not included in the provisions of the old act, or which altered or changed the provisions of that act. Such, undoubtedly, was the intention of the legislature in passing the new act, as was held by this court in construing a prior act. *Smith v. Board of Trustees of Firemen's Pension Fund,* 212 Ill. App. 122.

Strictly speaking, the new paragraph added to the original petition, by the relator, after the cause was remanded by this court, was not an amendment, but was in the nature of a supplemental pleading, inasmuch as it did not purport to set up additional facts existing at the time of the original petition, but rather a situation which had arisen subsequent to that time. If the relator was entitled to a pension under the pro-

visions of the act of 1917, he would, necessarily, be entitled to a pension under the provisions of the act of 1919, provided he could show he had reached the age of fifty years and had remained in good standing as to the pension fund, by paying to the treasurer of the pension board the monthly contributions specified in the act, from the time of his retirement until he reached the age of fifty years. That was the holding and decision of this court on the prior appeal.

This brings us to the third contention of the respondents, which is to the effect that the relator did not remain in good standing by paying his monthly contributions from the time of his retirement until he reached the age of fifty years. The time of the relator's retirement from the fire department, as an active fireman, was in November, 1918. Inasmuch as the act of 1919, containing the provision to the effect that a fireman who had retired from active service might receive a pension when he shall have reached the age of fifty years, provided he has remained in good standing, by paying all his monthly contributions, from the time of his retirement until he shall have reached the age of fifty years, did not go into effect until July 11, 1919, the relator may not be considered as having been under any obligation, so far as the monthly contributions are concerned, until the latter date, and the only way by which he could fulfil the conditions would be by tendering the aggregate amount of the monthly contributions which had accrued following the date of his retirement. In the new paragraph, added to the petition by the relator, after the cause was remanded, he alleges that he has tendered the proper aggregate amount of these contributions to the treasurer of the pension board, the amount of this tender being five per cent of the amount of his salary at the time of his retirement, from the time of such retirement up to the time he became fifty years of age. The time of such tender is not set forth. In

one of the pleas filed by the respondents, following the filing of this additional paragraph by the relator, it was charged that the relator did not make this tender "on or before August 15, 1920," the date when the relator became fifty years of age.

The retirement of the relator from active service in the department, having taken place prior to the time when the act of 1919 was passed, by the legislature, and went into effect, and his petition for a writ of mandamus having been filed prior to that time, and at a time when the act of 1917 was in effect, we hold that a tender made after a decision in that case, to the effect that the relator's rights were to be determined under the provisions of the act of 1919 rather than the act of 1917, was sufficient to preserve any rights the relator might have had to a pension under the prior act.

The respondents contend further that the relator was not employed by the Village of Oak Park as a fireman for a period of twenty years, as required by the act, and as this was a prerequisite to the relator being entitled to a pension, his petition should have been dismissed. This proposition was fully considered by this court on the former appeal. It is the contention of the respondents that on the previous consideration of the case, in this court, we assumed that the trial court had taken judicial notice of certain facts, of which this court also took notice; and that certain facts were taken into consideration which were assumed to exist in the briefs filed by the parties on the former appeal, but which were not stated nor admitted in the pleadings there presented, and that these presumptions are negatived by the pleadings as they appear in the record now before the court. However, that may be, we shall not consider this phase of the case, as it was not properly before the trial court. Under the remanding order on the former decision in this court, the trial court had but one matter to consider, namely, whether

the relator could bring himself within the provisions of the act of 1919, as to the requirement in the matter of age, and the requirement as to his good standing, by paying to the treasurer of the board his monthly contributions from the time of his retirement to the time he may have reached the age specified in the new act. On receipt of the mandate of this court, the circuit court was required to carry the decision of this court into effect, as set forth in the opinion filed. *Fisher v. Burks,* 285 Ill. 290. That was not to retry the case or open up the issues joined, except so far as that might be necessary in order "that the relator might have leave to amend his petition, so that he might therein set forth * * * and prove that he is fifty years of age, as made necessary by the Firemen's Pension Fund Act of 1919." We are of the opinion that the trial court did not err in holding that with the additional paragraph filed by the relator to his petition, he had alleged facts entitling him to a pension under the provisions of the act of 1919, requiring that he be fifty years of age, and in good standing, and in sustaining the relator's demurrer to the pleas filed by the respondents.

For the reasons stated, the order of the circuit court is affirmed.

*Affirmed.*

TAYLOR and O'CONNOR, JJ., concur.