The People of the State of Illinois ex rel. John J. Kronenbitter, Appellee, v. Board of Trustees of the Firemen's Pension Fund of the Village of Maywood et al., Appellants.

Gen. No. 37,967.

Opinion filed April 1, 1935.

DITTUS & CHATROOP, of Chicago, for appellants.

NORMAN A. BECK, of Chicago, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit by mandamus, seeking to have his name enrolled as a beneficiary of the Firemen's Pension Fund of the Village of Maywood; the case was heard by the court, who awarded the writ, and defendants appeal.

The Firemen's Pension Fund Act, ch. 24, commencing with par. 928, Illinois Statutes (Cahill) 1933, in brief provides that where a fireman has served 20 years and has paid all sums due the pension fund (par. 934) and when $25,000 has been accumulated in the pension fund (par. 931), the retiring fireman is entitled to a pension of one-half of his monthly salary.

Defendants first assert that they should have been given a reasonable time to consider and act upon plaintiff's application for a pension. The record shows that plaintiff applied to the Board of Firemen's Pension Fund to be placed upon the roll of the pension board May 26, 1934; that on June 4th the attorney for the village board was requested to take up the question of enrolling the plaintiff; this request was repeated June 11th; again, on July 10th the request was repeated, with the suggestion that suit would be started unless some action was taken soon. The correspondence between the parties fails to indicate any readiness on the part of the pension board to act. This suit was commenced August 11, 1934. We hold that the delay on the part of the board amounted to a refusal to act and that the petition for mandamus was properly filed.

It is next said that plaintiff had not served the required 20 years as a fireman within the meaning of the

act. Plaintiff was first employed as a fireman by the Village of Maywood on August 1, 1904; after having served approximately five years as driver of the hose cart for the village, he was in 1909 appointed fire marshal and continued in that position until April 26, 1934—a total service of nearly 30 years. The point seems to be that while plaintiff was a fire marshal, and therefore a village officer, from 1909 until 1925 when the paid fire department was started, he was not a fireman during the period covered by these latter dates. This is drawing too fine a point, for manifestly plaintiff was a fireman during all the time he was employed in the actual services as a fireman of the Village of Maywood. It seems to be conceded that he served continuously for the required five years previous to his application and had reached the required age of 50 years.

Some point is made that the pension fund is made up not only by a tax levy but by deductions from the salaries of the firemen, and that plaintiff had never deducted anything from his salary for this purpose until after he had demanded a pension. It is suggested that the payments from May to September, 1931, were made out of a ''Firemen's Benevolent Fund'' and not from his salary. Plaintiff testified that he kept up the required payments for the pension fund except for a period when the firemen were working on a half-pay basis, and the amount he owed was afterwards paid in full. Apparently some rule was adopted in 1931 whereby the payments into the pension fund were paid by the members of the fire department ''out of the firemen's fund that we had.'' Plaintiff testified that he paid into the pension fund out of his own salary. We think this is sufficient evidence of payment by the plaintiff of the required contributions to the pension fund.

Par. 931, ch. 24, Cahill's statutes, provides in effect that a permanent fund of $25,000 shall be received and accumulated and retained as a permanent pension fund and that only the excess above that amount shall be available for the purposes of the pension fund. The record shows that at the time of the hearing the total amount in the Firemen's Pension Fund was not over $4,000.

The order appealed from directed defendants to enroll the name of plaintiff as a beneficiary of the pension fund "of and from the 26th day of May, A. D. 1934," and it was directed that plaintiff "be paid out of the said pension funds when available for the payment of pensions a monthly pension of One Hundred and Nine ($109.16) Dollars and sixteen cents from and after said date of May 26, 1934."

Defendants say that this order is confusing in that plaintiff may claim a superior right to all pension funds over and above $25,000 until he has been paid at the rate of $109.16 a month, accruing from May 26, 1934. Counsel for plaintiff in his brief makes no such claim and concedes that no pension can be paid until the pension fund reaches $25,000, and says that the order so provides.

In *Colton v. Board of Trustees of Firemen's Pension Fund,* 287 Ill. 56, it was said of the instant statute, "The statute provided that pensions under it should not be paid until the pension fund amounted to the specified sum, when payments should begin, but, the right existing and being established, the payment, only, was delayed." See also *Smith v. Board of Trustees of Firemen's Pension Fund,* 212 Ill. App. 122, and *People v. Board of Trustees of Firemen's Pension Fund,* 220 Ill. App. 242.

To the point that the board of pensions had exclusive power to pass upon such applications and the courts should not interfere, it is sufficient to cite

*People ex rel. Schelling v. Watson*, 276 Ill. App. 303, and cases therein cited. It was there held that the courts will interfere by mandamus when it is shown that any public officer or inferior tribunal is guilty of abuse of discretion.

For the reasons indicated the order is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.