(No. 12292.—Reversed and remanded.)

AUGUSTA E. COLTON, Plaintiff in Error, *vs.* THE BOARD
OF TRUSTEES OF THE FIREMEN'S PENSION FUND OF
BLOOMINGTON *et al.* Defendants in Error.

*Opinion filed February 20, 1919.*

1. STATUTES—*statutes should be construed so as to give effect to every provision.* In the construction of statutes courts should consider every part and give intelligent meaning to every provision so far as possible, taking the words in their ordinary sense.

2. SAME—*legislative intent must be found in the statute.* The foundation rule in construing statutes is to ascertain and give effect to the intention of the law-making body, but the intention must be that which is expressed in the statute, and the language of the act cannot be disregarded unless the court can say that the meaning is doubtful and that adherence to the letter will lead to injustice or absurdity.

3. PENSIONS—*pension laws should be liberally construed.* The purpose of pension laws is beneficial, and such statutes should be liberally construed in favor of those intended to be benefited.

4. SAME—*construction of section 8 of act of 1907 pensioning widows of deceased firemen.* Section 8 of the act providing for pensioning the widows and minor children of deceased firemen, as amended in 1907, must be construed as allowing such pension upon the death of a fireman while in the service in the fire department, regardless of the length of his term of service.

5. SAME—*widow entitled to firemen's pension under act of 1907 is entitled to pension under act of 1915.* By the terms of the act of 1915 providing pensions to widows and minor children of deceased firemen, a widow who is entitled to a pension under the pension statute as amended in 1907 is entitled to the pension provided for by the act of 1915 but will thereupon cease to receive a pension under the former act.

6. SAME—*payment, only, is delayed until firemen's pension fund is established under the act of 1907.* The statute providing for pensions for widows of deceased firemen, as amended in 1907, and providing that such pensions shall not be paid until the pension fund amounts to a specified sum, does not preclude establishing the right to a pension during that time but the payment, only, is delayed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding.

BARRY & MORRISSEY, for plaintiff in error.

STONE & DICK, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Board of Trustees of the Firemen's Pension Fund of the city of Bloomington certified to the circuit court of McLean county, as a return to a writ of *certiorari,* the record of the proceedings of the board on petitions of Augusta E. Colton, as widow of Flurry Colton and guardian of his minor children, for a pension. The record showed a petition setting out that Flurry Colton was an active member of the fire department of the city of Bloomington for about fifteen years prior to September 18, 1912, and that while in said service and in the performance of his duty he received an injury from which he died on the above date, leaving the petitioner, his widow, and minor children of the ages of eight, six, four and three years, respectively. On October 8, 1912, the petition was referred to a committee, and on January 14, 1913, the committee reported that the pension fund had not reached $15,000, and the committee with sincere regret recommended that the application be refused, with leave to renew it after the pension fund should reach that amount. No recommendation was made as to the merits of the claim and the report was adopted. On February 3, 1916, the pension fund amounted to $25,000, and Augusta Colton then filed another petition stating the same facts set forth in the first one. On April 19, 1916, the petition was referred to the corporation counsel, who reported that upon proof that Flurry Colton's death

was caused by an injury received while in the service of the fire department or contracted by reason of his occupation the petitioner was entitled to a petition. The petitioner appeared before the board and offered proof as to the death of her husband, and the report of the corporation counsel was then received and placed on file and the application for a pension was denied without stating any reason. The court quashed the writ and the petitioner appealed to the Appellate Court for the Third District. The Appellate Court affirmed the judgment, and a writ of *certiorari* was allowed by this court.

The controversy is whether plaintiff in error became entitled to a pension because of the death of her husband while in the service of the city in its fire department although he had not served twenty-two years. Section 8 of the act creating a board of trustees of the firemen's pension fund and providing for pensioning the widows and minor children of deceased firemen, as amended in 1907, provided in what cases pensions were to be allowed, as follows: "If any member of such fire department shall, while in the service of such fire department, be killed, or die as the result of injuries received while in such service, or of any disease contracted by reason of his occupation, or if any member of such fire department shall, while in said service, die from any cause while in said service, or during retirement, or after retirement, after twenty-two years' service as hereinafter provided, and shall leave a widow, minor child or minor children under sixteen years of age, or dependent father or mother surviving, said board of trustees shall direct the payment from said pension fund of the following sums monthly." After providing for deaths in the service it required payment of a pension upon a death during retirement, and the preceding section 7 provided for such retirement. By its terms, if any member of the fire department should, while in the performance of his duties, become physically or mentally permanently dis-

abled by reason of service in the fire department, the board of trustees should retire him from service and pay him a pension, and there was no requirement in that section of twenty-two years' service. The last class consisted of firemen who should die after retirement after twenty-two years' service as thereinafter provided, which referred to section 10. That section provided for the retirement of any member of the fire department who had served twenty-two years or more in the department, of which the last two years should be continuous, and upon such retirement he was to be paid a monthly pension, and it also contained this provision: "After the decease of such member, his widow, minor child or children under sixteen years of age, his dependent parent or parents, if any surviving him, shall be entitled to the pension provided for in this act."

In the construction of statutes courts should consider every part and give sensible and intelligent meaning to every provision so far as possible, but the legislative intent must be found in the act and the court must take the words found in the statute according to their ordinary and usual meaning. (*City of Beardstown* v. *City of Virginia*, 76 Ill. 34; *Eddy* v. *Morgan*, 216 id. 437; *Illinois Western Electric Co.* v. *Town of Cicero*, 282 id. 468.) It will at once be seen that the construction of section 8, concerning the question here involved, is attended with difficulty. If practicable, effect should be given to every part of the section, and if it is to be construed as directing the payment of a pension to the widow and minor children of any member of the fire department who shall die from any cause while in the service the specification of the previous classes becomes superfluous, because the provision for payment of a pension in case of death from any cause while in the service covers the whole. On the other hand, if the class dying from any cause while in the service or during retirement is limited to those who have served twenty-two years, the language employed must be ignored and the natural

and ordinary meaning of the words be disregarded. Section 7 provided for retirement on account of disability contracted in the service regardless of the length of service and provided that a fireman so retired should receive a pension. This was followed by section 8, providing for a pension to the widow and minor children or dependent father or mother of a fireman dying during retirement. It would be very strange if there was an intention to add a condition in such a case that the fireman had been in the service twenty-two years, having contracted his disability in the service and being entitled to a pension regardless of the length of such service. It would be directly contrary to the spirit of the act to apply a new condition for granting a pension at his death. To apply the requirement of twenty-two years' service to a death for any cause while in the service would necessitate going back over an intervening class to which it did not apply, and that would be an unnatural interpretation of the language. The final provision of section 10 was but a repetition of the identical provision of section 8 as to a death after retirement after twenty-two years' previous service, which indicates that the legislative mind was on that subject with reference to that particular class.

No aid is obtained in discovering the legislative intent from the history of legislation on the subject. The law was revised in 1915, and section 5 then provided for retirement of any fireman who should become disabled, without any limitation as to the cause of the disability, and the payment to him of a pension. Section 6 provided that if any fireman should die from any cause while in the fire service or during retirement after twenty years' service, a pension should be paid to the widow, minor child or children under sixteen years of age or dependent father or mother surviving, so that the law then allowed a pension on the death of a fireman from any cause while in the service. The law was again revised in 1917, and as

to any city of more than 5000 and less than 200,000 inhabitants it now provides for a pension if any fireman shall die while in the service from any cause after a service of twenty years or during retirement after twenty years' service. There have been frequent changes in the statute and the various acts indicate no settled legislative policy.

The foundation rule in construing statutes is to ascertain and give effect to the intention of the law-making body, but the intention must be that which is expressed in the statute, and the language of the statute cannot be disregarded unless the court can say that the meaning is doubtful and adherence to the letter would lead to injustice or absurdity. The purpose of pension laws is beneficial, and statutes of that character should be liberally construed in favor of those intended to be benefited. In view of the general purpose and language of the act we are constrained to declare the legislative intention to have been to allow a pension upon the death of a fireman in the service in the fire department.

The act of 1915 provided by section 8 that widows, orphans and dependent parents of deceased firemen entitled to a pension under the previous act as amended should be entitled to the pensions provided by that act but should thereupon cease to receive pensions under the former act. Plaintiff in error being entitled to a pension under the act of 1907 was entitled to the pension provided for by the act of 1915.

The statute provided that pensions under it should not be paid until the pension fund amounted to the specified sum, when payments should begin, but, the right existing and being established, the payment, only, was delayed.

The judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*