, (No. 16405.—Judgment affirmed.)

JOHN J. O'NEIL, Appellant, *vs.* GEORGE F. HARDING *et al.*
Appellees.

*Opinion filed December 16, 1924.*

PENSIONS—*construction of section 8 of the Firemen's Pension
Fund act.* The provision of section 8 of the Firemen's Pension
Fund act that firemen "shall be paid a monthly pension equal to
one-half the amount of monthly salary attached to the rank which
he may have held in the fire service at the date of his retirement,"
means that the pension shall be a fixed amount based on the sal-
ary at the date of retirement and does not entitle the pensioner
to an increase in pension as often as the salaries of active firemen
are increased after the date of his retirement.

APPEAL from the First Division of the Appellate Court
for the First District;—heard in that court on appeal from
the Superior Court of Cook county; the Hon. JOHN J.
SULLIVAN, Judge, presiding.

NELSON & RICKER, (OSCAR F. NELSON, of counsel,)
for appellant.

FRANCIS X. BUSCH, Corporation Counsel, (CORA B.
HIRTZEL, of counsel,) for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

The sole question presented for decision in this pro-
ceeding is the construction of section 8 of the Firemen's
Pension Fund act, the pertinent part of which reads: "Any
fireman of any such city, after having served twenty (20)
years as a fireman, of which the last five (5) years shall
be continuous, may retire from active service, and when
such retired fireman shall have reached the age of fifty
(50) years the board shall order and direct that such fire-
man shall be paid a monthly pension equal to one-half the
amount of monthly salary. attached to the rank which he

may have held in the fire service at the date of his retirement." (Smith's Stat. 1923, p. 378.)

Appellant, John J. O'Neil, who had served as a member of the fire department of the city of Chicago since December 1, 1891, retired November 20, 1918, being then over fifty years of age. At the date of his retirement the salary attached to his rank was $1500 per annum. He is now receiving a pension of $62.50 a month. January 1, 1919, the salary of firemen of the first class was increased from $1500 per annum to $1800, and a year later the salary was further increased to $2000 per annum. Appellant filed his petition in the superior court of Cook county praying for a writ of *mandamus* directed to the board of trustees to compel them to increase his pension in the proportion in which the salary of active firemen had been increased. · A general demurrer filed to the petition was overruled and the writ was awarded. On appeal to the Appellate Court for the First District the judgment of the superior court was reversed. A certificate of importance was granted and this appeal followed.

It is contended by appellant that the amount of the pension should vary as the "salary attached to the rank" of active firemen varies. He argues that the phrase "at the date of his retirement" does not qualify the word "salary" but the group of words "the rank which he may have held in the fire service." This is a refined and artificial construction which does not find a basis in the context. The intention of the legislature is expressed in the whole sentence and not in a part of it. The amount of the pension is determined by the amount of the salary "attached to" the rank held by the pensioner at the date of his retirement. This indicates that the pension shall be a fixed amount determined at the time the pension begins, and there is nothing to indicate that the amount of the pension is to fluctuate from month to month. A pensioner who is drawing a pension under the section under consideration is entirely sev-

ered from the public service and is not subject to call. The legislature has not said that his pension shall vary as the salary of those on active duty varies, and we can think of no sound reason why it should say it.

The Appellate Court properly construed the statute, and its judgment is therefore affirmed.     *Judgment affirmed.*