## Charles J. Sup, Appellee, v. John Cervenka et al., Appellants.

### Gen. No. 31,349.

OFFICERS—*change in pay of active firemen as affecting pension of retired.* Under Cahill's St. ch. 24, ¶ 950, which provides that any fireman in active service who becomes physically or mentally disabled shall be retired on a pension of one-half his salary but may be recalled to active duty if his disablement is found to have left, such a fireman continues in the service of the city and his pension is to be computed, not on the basis of his salary at retirement, but on the basis of the salary of firemen holding the rank he did at retirement, as their salaries may be changed from time to time.

Appeal by defendants from the Superior Court of Cook county; the Hon. WILLIAM J. LINDSAY, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1926. Affirmed. Opinion filed May 17, 1927.

FRANCIS X. BUSCH, Corporation Counsel, for appellants; GEORGE F. MULLIGAN, Assistant Corporation Counsel, of counsel.

OSCAR F. NELSON and JOSEPH A. RICKER, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

This appeal is from an order directing a writ of mandamus to issue, commanding the board of trustees of the firemen's pension fund of the city of Chicago and certain officers of that city to cause a monthly pension to be paid to the petitioner, "equal to one-half the amount of monthly salary attached to the rank of fireman, first class, in the service of the city of Chicago."

The facts are stipulated. On June 1, 1924, the petitioner was a member of the fire department of Chicago and held the rank of "Fireman, First Class." On that day he was placed on the pension roll because of disability incurred in the service. The salary attached to his rank at that time was $2,000 per annum, and petitioner has been receiving, since that day, a pension equal to one-half of that amount. By the annual appropriation bill for the year 1924, the salary attached to the rank of fireman, first class, was increased from $2,000 to $2,200, beginning October 1, 1924. The petition was filed April 15, 1926, and seeks to have petitioner's pension computed and paid on the basis of such increased salary, instead of the salary he received at the time of his retirement.

The question involved turns upon the proper construction to be given to section 9 of the Firemen's Pension Fund Act of 1917 (Cahill's St. ch. 24, ¶ 950). The pertinent part of that section reads as follows:

"§ 9.   If any fireman of any such city while in active service or on leave of absence shall become and be as so physically or mentally disabled as to render necessary his retirement from active service, *said board shall order the retirement* of such disabled fireman and he shall be paid a monthly pension equal to one-half the amount of salary attached to the rank which he may have held in such fire service at the date of his retirement.   *   *   *

"If, after placing a fireman on the pension roll, the board shall become satisfied that such retired fireman

has recovered from such physical or mental disability, said board shall order the suspension of the payment of his pension and that said fireman report back to the marshal or chief of the fire department of such city, who shall thereupon order the reinstatement of such fireman in active service in the same rank or grade that such fireman held at the time of his retirement."

Section 8, Cahill's St. ch. 24, ¶ 949, of the same act states in substance that any fireman who has served 20 years "*may retire* from active service," and if and when such retired fireman shall reach the age of 50 years, "the board shall order and direct that such fireman shall be paid a monthly pension equal to one-half the amount of monthly salary attached to the rank which he may have held in the fire service at the date of his retirement."

It will be noted that the language used in the two sections is the same, so far as it purports to fix the amount of the monthly pension to be paid to retired firemen, whether such firemen be retired because of length of service or because of disability. But in other respects, the difference between the two sections is marked. By the terms of section 8 a fireman who retires because of length of service does so voluntarily and when drawing a pension under that section is entirely out of the service, while the pensioner under section 9 is a fireman who has been ordered to retire because he has become disabled while in the service, and his pension is subject to the condition that the board may stop his pension and order his reinstatement "in active service" whenever his disability is removed. In other words, a fireman who asks for and receives a pension under section 8 is permanently separated from the service, while a fireman who is ordered to retire and is given a pension under section 9 remains in the service and subject to be called into "active service" as soon as he recovers from his disability.

In *O'Neil v. Harding*, 314 Ill. 516, the Supreme Court construed section 8 of this statute. The opinion filed in that case shows that it was there contended that the amount of the pension payable under that section should vary as the salary attached to the rank of active fireman varies. After stating that such a construction finds no basis in the context of that section, the court said: "The amount of the pension is determined by the amount of the salary 'attached to' the rank held by the pensioner at the date of his retirement. This indicates that the pension shall be a fixed amount determined at the time the pension begins, and there is nothing to indicate that the amount of the pension is to fluctuate from month to month. A pensioner who is drawing a pension *under the section under consideration* is entirely severed from the public service and is not subject to call." This language implies that if a pensioner is drawing a pension under some other section (as, for example, section 9) which leaves the pensioner still in the service and subject to be called into active service upon certain specified contingencies, a different conclusion might reasonably be reached.

In *Aitken v. Roche*, 48 Cal. App. 753, this distinction was recognized and given effect. There, a member of the police department of San Francisco, who was retired and pensioned, under a statute similar to section 9 of the statute here involved, on account of physical disability received in the performance of his duty, sought by mandamus to have the amount of his pension increased because the salary attached to his rank had been increased while he was receiving his pension. The statute under which he was receiving his pension provided that members of the police department might be retired "upon an annual pension equal to one-half of the amount of salary attached to the rank which he may have held three years prior to the date of such retirement, to be paid him during his life and to cease

*o*

at his death. *In case his disability shall cease his pension shall cease, and he shall be restored to the service in the rank he occupied at the time of his retirement.*" The court held that because of the sentence last quoted, pensioners who were retired on account of disability were entitled to one-half of the pay attached to their retirement rank when pension instalments became due, and not merely one-half of the pay which was attached to that rank when they were retired. The opinion of the court in that case cites and relies upon the opinion of the Supreme Court of the United States in the case of *United States v. Tyler,* 105 U. S. 244, where the court recognized a similar distinction in the acts of Congress between those pensioners who were permanently retired from the military service of the United States and those who were retired only from active service, the court holding that because officers of the latter class "may be assigned to such duty as the laws and regulations permit," they were entitled to the benefit of the Federal statute which increases the pay of officers by 10 per cent for every period of five years' service.

While the question is not free from difficulty, we are of the opinion that the same distinction has been recognized by the legislature in the act in question between firemen who voluntarily retire and receive pensions under section 8, and firemen who are compelled to retire because of disability and are pensioned under section 9. Pensioners of the first class are no longer in the service of the city. Those in the latter class are still in the service of the city and liable to be called into active service, and the amount of their pensions is therefore to be computed on the basis of the salaries paid, from time to time, to firemen in active service holding the same rank the pensioners held at the time of their retirement.

For the reasons stated, the judgment is affirmed.

*Affirmed.*

GRIDLEY, P. J., and BARNES, J., concur.