(No. 18423.— )

CHARLES J. SUP, Defendant in Error, *vs.* JOHN CERVENKA *et al.* Plaintiffs in Error.

*Opinion filed October 25, 1928.*

SAMUEL A. ETTELSON, Corporation Counsel, (GEORGE F. MULLIGAN, and ROY S. GASKILL, of counsel,) for plaintiffs in error.

OSCAR F. NELSON, and JOSEPH A. RICKER, (O. DAVID ZIMRING, of counsel,) for defendant in error.

Mr. Chief Justice DeYoung delivered the opinion of the court:

Charles J. Sup served as an active member of the fire department of the city of Chicago from January 3, 1917, until January 1, 1924. While engaged in extinguishing a fire on December 25, 1922, he suffered a broken nose, arm and leg. As a result the board of trustees of the firemen's pension fund ordered his retirement from active service as of January 1, 1924, and placed him upon a pension. At the time of his retirement Sup held the rank of fireman, first class, at an annual salary of $2000. His pension equaled one-half of his salary and was paid him regularly in monthly installments of $83.33 each. On October 1, 1924, the annual salary of a fireman whose rank was of the first class was increased from $2000 to $2200. Sup demanded a proportionate increase of his pension, but the demand was refused. He then filed his petition for a writ of *mandamus* in the superior court of Cook county to compel the trustees of the firemen's pension fund to pay him a pension equal to one-half of the increased salary from the time the increase became effective instead of the pension originally awarded him. The superior court awarded the writ, commanding the trustees to pay Sup a pension to be computed on the basis of salaries paid from time to time to firemen in the active service holding the rank Sup held at the time of his retirement. The respondents prosecuted an appeal to the Appellate Court for the First District, and that court affirmed the judgment of the superior court. Thereafter a petition for a writ of *certiorari* was allowed by this court, and the case is here for review.

The facts are not controverted, and the question presented for determination is the construction of section 9 of the act entitled "An act to provide for a firemen's pension fund and to create a board of trustees to administer said fund in cities having a population exceeding two hundred

thousand (200,000) inhabitants." (Cahill's Stat. 1927, p. 515; Smith's Stat. 1927, p. 535.) The pertinent parts of that section read: "If any firemen of any such city while in active service or on leave of absence shall become and be as so physically or mentally disabled as to render necessary his retirement from active service, said board shall order the retirement of such disabled fireman and he shall be paid a monthly pension equal to one-half the amount of salary attached to the rank which he may have held in such fire service at the date of his retirement. * * * If, after placing a fireman on the pension roll, the board shall become satisfied that such retired fireman has recovered from such physical or mental disability, said board shall order the suspension of the payment of his pension and that said fireman report back to the marshal or chief of the fire department of such city, who shall thereupon order the reinstatement of such fireman in active service in the same rank or grade that such fireman held at the time of his retirement."

The plaintiffs in error contend that the amount of the pension of a disabled fireman authorized by section 9 must be based upon and determined by the salary which he received at the time of his retirement and not by any subsequent increase of salary. The defendant in error, on the contrary, insists that since the disabled fireman is not wholly retired from service in the fire department but is obliged to resume the performance of active duties in that department when his disability ceases, the proper construction of section 9 is that the pensioner shall receive one-half of the salary currently paid to his rank, and not one-half of the salary which was attached to his rank at the date of his retirement.

It is an elementary rule in the construction of a statute that the intention of the legislature must primarily be determined from the language of the statute itself and not from conjectures *aliunde*. When that language is plain and

462

unambiguous and conveys a clear and definite meaning there is neither necessity nor authority for resorting to statutory construction. If the words of a statute are plain and the legislative purpose manifest, that purpose must be given effect. The courts have no legislative powers, and in the interpretation and construction of statutes their sole function is to determine, and within the constitutional limits of the legislative power to give effect to, the intention of the legislature. They cannot read into a statute something that is not within the manifest intention of the law-making body as gathered from the statute itself. To depart from the meaning expressed by the words is to alter a statute—it is to legislate and not to interpret. If the obvious meaning of a statute should be followed by harsh consequences, such a result cannot influence the courts in administering the law. The responsibility for the justice or wisdom of legislation rests upon the legislature, and it is the province of the courts to construe and not to make the laws. *United States* v. *Fisher,* 109 U. S. 143; *United States* v. *Goldenberg,* 168 id. 95; *United States* v. *Plowman,* 216 id. 372; *United States* v. *First Nat. Bank of Detroit,* 234 id. 245; *Colton* v. *Trustees of Pension Fund,* 287 Ill. 56; *Beutel* v. *Foreman,* 288 id. 106; *Stiles* v. *Trustees of Pension Fund,* 281 id. 636; *State Board of Health* v. *Ross,* 191 id. 87; 25 R. C. L. 961-964.

Section 9 of the Firemen's Pension Fund act relates to pensions for firemen who are retired from active service on account of disability suffered while in that service or on a specified leave of absence. The amount of the pension is determined by the salary attached to the rank which the disabled fireman held "at the date of his retirement." The word "attached" refers to the salary paid at a fixed time. The salary which is the basis of the pension is the salary paid at, and not after, the disabled firemen's retirement. The legislative intention is plain that the pension shall be a sum definitely and finally fixed when the pension begins.

If the legislature had intended to have the pension fluctuate in accordance with subsequent changes in salary, that intention, it may be presumed, would have been manifested by words indicating such a purpose. While a pension act should be liberally construed to effect the object sought to be accomplished, yet if the legislative intention is obvious from the language used that intention must be made effective, and the judiciary will not be warranted in giving the act a meaning not expressed in it.

Section 8 of the Firemen's Pension Fund act makes provision for firemen retired on account of age or length of service. This section provides that any fireman after having served twenty years may retire from active service, and when he shall have reached the age of fifty years "the board shall order and direct that such fireman shall be paid a monthly pension equal to one-half the amount of monthly salary attached to the rank which he may have held in the fire service at the date of his retirement." In *O'Neil* v. *Harding,* 314 Ill. 516, the pensioner contended that the amount of the pension should vary as the "salary attached to the rank" of firemen in active service varied. This contention was denied, and it was held that the pension created by section 8 was a fixed sum based upon and determined by the pensioner's salary at the date of his retirement, and that he was not entitled to an increase in pension whenever, after his retirement, the salary of active firemen of his rank should be increased. Since the provisions of sections 8 and 9 of the Firemen's Pension Fund act concerning the amount of the pension are identical, *O'Neil* v. *Harding, supra,* is decisive of the instant case.

The defendant in error, however, argues that there are certain distinctions between sections 8 and 9 which justify the construction of the latter section for which he contends. The distinctions he points out are: Section 8 provides for unconditional retirement when the requirements in respect to age or length of service have been attained, and after the

pension under that section has once begun it continues without suspension by the trustees of the fund; the pensioner is not subject to reinstatement in the active service and he has no further official connection with the fire department. Section 9, on the other hand, authorizes a pension only after the disabled fireman's retirement from active service has been ordered by the trustees of the fund; his retirement is involuntary, it may be merely temporary, and he receives a pension only until his recovery; upon the removal of his disability his pension is suspended, he is ordered to report for active service, and his reinstatement to the rank he held at the time of his retirement is obligatory upon the department. It will be observed that the retirement under both sections is from active service, and the distinctions suggested do not justify a construction of the provision "shall be paid a monthly pension equal to one-half the amount of salary attached to the rank which he may have held in such fire service at the date of his retirement" in section 9 different from the construction of the same provision in section 8.

It is also contended by the defendant in error that the legislature must be presumed to have borne in mind that the salaries of firemen in active service are raised from time to time to meet the increasing cost of living, and that such cost bears even more heavily upon disabled firemen than upon firemen in active service. Economic changes which increase the cost of living apply with equal, if not greater, force to make inadequate the pension awarded a fireman retired on account of age or length of service, for, on the average, such a pension continues for a longer period than a pension paid during disability. Yet the express provision of section 8 which concerns pensioners equally subject to economic changes does not permit a pension variable in amount. The identical provisions of section 9, unambiguous and not susceptible of misunderstanding, likewise can not be construed to authorize an increase or decrease in

the pension of a disabled fireman as subsequent changes, owing to economic conditions, may be made in the salary of a fireman in the active service.

The judgments of the Appellate and superior courts are reversed.

*Judgment reversed.*