### BOARD OF TRUSTEES OF THE FIREMEN'S RELIEF AND PENSION FUND v. HICKS et al.

No. 22283. Opinion Filed Nov. 1, 1932.

Rehearing Denied Dec. 27, 1932.

H. O. Bland, O. H. Searcy, Bert E. Johnson, Woodward & Westhafer, R. P. Colley, and E. M. Gallaher, for plaintiff in error.

John V. Beveridge and E. P. Hicks, for defendants in error.

CLARK, V. C. J. This cause presents error from the district court of Tulsa county. It appears from the record that defendants in error applied to plaintiff in error for increase in their pension as retired firemen for the city of Tulsa in accordance with the increase in the pay of the rank to which pensioners belonged prior to retirement.

R. C. Alder, one of defendants in error, stated that at the time of his retirement in 1922 his base pay was $250 per month and that on May 1, 1923, the base salary of the chief of the fire department, city of Tulsa, was increased from $250 to $275 per month, and that rate continued until the 3rd day of April, 1928, and the base salary of the chief of the fire department was increased to $325 per month, and that the claimant was entitled to one-half of this increase over and after the date of said increase, and the same should be added to his pension.

Other defendants in error make similar allegations. E. P. Hicks alleges that at the time of his retirement he received $165 per month; that he received $82.50 as his pension; that he was lieutenant or junior captain; that on the 3rd day of April, 1928, the salary of junior captain was raised to $220, or an increase of $55 per month.

It is the contention of claimants below, defendants in error herein, that under and by virtue of section 4438, C. O. S. 1921, and section 4440, C. O. S. 1921 [O. S. 1931, secs. 6101, 6103], which are as follows:

Section 4438, C. O. S. 1921, provides:

"Any person, at the taking effect of this act, or thereafter, who shall have been duly appointed and enrolled, and has served for a period of 20 years or more in some fire department in the state of Oklahoma, as now constituted, five years of which shall have been consecutive, immediately preceding the end of such period, as a member in any capacity or rank whatever, of a regularly constituted fire department of any such city or town, which is or may hereafter be subject to the provisions of this chapter, and his service in such fire department shall have ceased, shall be entitled to be retired from such service and shall be entitled to be paid from such fund a monthly pension equal to one-half of the salary attached to the rank which he may have held in said fire department, preceding the date of such retirement, whether said service be performed as a volunteer, or member of a part paid or full paid department. In the event of the death of any person who has been awarded a pension under the provisions of this act, his widow, children or other person wholly dependent on such person for support shall be paid the pension so awarded; provided whenever a widow, child or children should marry, or child or children shall become of the age of 16, they shall receive no further pension."

Section 4440, C. O. S. 1921, provides:

"Whenever any person serving in any capacity in a regularly constituted fire department in such city or town shall become physically or mentally disabled while in, and in consequence of, the performance of his duty as such employe of such regularly constituted fire department, such board may, upon his written request, or without such request if it deem it for the good of said department, retire such person from active service, and if so retired, shall order and direct that he be paid from such fund a monthly pension equal to one-half (½) the amount of the salary attached to the rank which he may have held in such fire department preceding such retirement, whether said service be performed as a volunteer, part paid or fully paid employe; provided, that whenever such disability shall cease such pension shall cease, and such person shall be restored to active service at not less than the same salary he received at the time of his retirement; provided, further, that should death result from any injury or sickness, sustained by any such person while in, and in consequence of, the performance of his duty as an employe of such regularly constituted fire department, a monthly pension equal to one-half (½) the amount of the salary attached to the rank which he may have held in such fire department shall be paid to his widow, children or other person wholly dependent upon such person for support."

Section 4438, supra, provides for the retirement and pension of firemen after 20 years of service; also, in the event of death, it provides that the pension shall be paid to the widow and child or children or to other persons wholly dependent on such person for support, providing that whenever the widow or the child or children shall marry or when the child or children shall become 16 they shall receive no further pension.

Section 4440,. supra, provides that when the fireman becomes physically or mentally disabled while in, and in the consequence of such employment, he shall be retired on one-half pay, and under the same provision of law as a fireman retired after 20 years' service, except that whenever such disability shall cease, such pension shall cease and he shall be restored to active service at not less than the same salary he received at the time of retirement. Under this law the firemen are retired for injuries received while in the performance of duties and also retired after 20 years' active service.

The sole question presented for decision in this proceeding is the construction of this statute. The trial court found that such pension should be increased when the pay or salary of the fireman of the same rank was increased.

The California Appellate Court, in the case of Klench v. Board of Pension Fund Com'rs of City of Stockton, 249 P. page 46, held, in construing a similar statute applying to policemen, that a retired policeman is entitled to pension on a basis of one-half of increased salary paid officers of rank held by him at the time of retirement rather than the rate of one-half salary which he was receiving at the time of retiring.

The Supreme Court of Illinois has held to the contrary, and we are of the opinion that the Illinois cases are the better reasoned opinions. In O'Neil v. Harding, 145 N. E. 593, in construing a similar statute to ours, the Supreme Court of Illinois in the first syllabus said:

"Under Firemen's Pension Fund Act, sec. 8, making pension of retired fireman one-half salary 'attached to the rank which he may have held in the fire service at the date of his retirement,' such fireman is entitled to pension based on pay of his rank at retirement, and not on pay of such rank as increased since retirement."

In the body of the opinion the Supreme Court of Illinois said:

"It is contended by appellant that the amount of the pension should vary as the 'salary attached to the rank' of active firemen varies. He argues that the phrase 'at the date of his retirement' does not qualify the word 'salary' but the group of words 'the rank which he may have held in the fire service.' This is a refined and artificial construction which does not find a basis in the context. The intention of the Legislature is expressed in the whole sentence and not in a part of it. The amount of the pension is determined by the amount of the salary 'attached to' the rank held by the pensioner at the date of his retirement. This indicates that the pension shall be a fixed amount determined at the time the pension begins, and there is nothing to indicate that the amount of the pension is to fluctuate from month to month. A pensioner who is drawing a pension under the section under consideration is entirely severed from the public service and is not subject to call. The Legislature has not said that his pension shall vary as the salary of those on active duty varies, and we can think of no sound reason why it should say it."

This question was again before the Supreme Court of Illinois in the case of Sup v. Cervenka, 163 N. E. page 396, in which the same rule was approved and followed, which rule we believe is the most logical and proper. It is true a pension act should be liberally construed to effect the object sought to be accomplished. If Legislative intent is obvious from language used, that intent must be made effective and this court will not be warranted in giving an act a meaning not expressed in it.

Suppose the defendant in error herein, E. P. Hicks, who states at time of his retirement his salary was $165 per month, that his rank was that of lieutenant or junior captain. He further alleges that the salary of junior captain was raised to $220, or an increase of $55 per month. Suppose the governing body of the city should abolish the rank of junior captain or lieutenant, then, according to defendant in error's theory in this case, the pension would be abolished.

The Legislature was not dealing with rank, but with salary. The act in question says in part:

"Shall be entitled to be retired from such service and shall be entitled to be paid from such fund a monthly pension equal to one-half the salary attached to the

rank which he may have held in said fire department preceding the date of such retirement."

So it can be seen that it was the intention of the Legislature to fix the amount of the pension at one-half of the salary attached to the rank preceding the date of such retirement. The right to the pension and the amount thereof is fixed on the basis of the salary drawn by the fireman preceding the date of his retirement and not on the salary drawn by a fireman in like position subsequent to date of retirement.

The act before us is plain and unambiguous. It provides that the pension shall be based on the salary attached to the rank held by the fireman immediately preceding his retirement. That fixes the basis and amount of the pension.

It therefore follows that the trial court was in error.

Judgment of the district court of Tulsa county is reversed and remanded, with directions to enter judgment for plaintiff in error denying the application for increase in pension.

HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., dissents. LESTER, C. J., absent.