## BOARD OF TRUSTEES OF FIREMEN'S RELIEF AND PENSION FUND OF CITY OF TULSA et al.
### v. NAUGHTON et al.

Nos. 32469 - 32473. Oct. 15, 1946.

*173 P. 2d 425.*

Chas. R. Bostick, Remington Rogers, and A. M. Widdows, all of Tulsa, for fendants in error.

Summers Hardy, J. F. Lawrence, and Milton W. Hardy, all of Tulsa, for defendants in error.

PER CURIAM. In this case Van B. Naughton, Susie Frances Warf, Carrie Rains, Charlotte Christenson, and Margaret E. Clark, who are widows of deceased members of the Fire Department of the City of Tulsa, brought their separate actions in mandamus against the Board of Trustees of the Firemen's Relief and Pension Fund of the City of Tulsa and other city officials to compel payment of certain pensions theretofore granted and allowed them under the Firemen's Relief and Pension Fund Act. 11 O.S. 1941 §§361-382. The trial court in each case granted the writ. Defendants appeal.

The cases were by stipulation consolidated in this court for the purpose of briefing.

Charlotte Christenson is the widow of a deceased member of the Fire Department of the City of Tulsa who had retired at the time of his death and was then drawing a pension. This plaintiff's right to receive and draw a pension and the amount she was entitled to receive was governed by 11 O.S. 1941 §364. The other defendants in the cases Nos. 32469, 32470, 32471, and 32473, are the widows of deceased members of the Fire Department of the City of Tulsa and who died as a result of accidental injuries sustained in the performance of their duties as members of such fire department, and the right of these plaintiffs to draw a pension and the amount they were entitled to receive is governed by section 368 of the statute, supra. The above sections as well as other sections of the statute were amended by the Act of the Legislature in 1945, which amendment considerably reduced the amount of pension retired firemen may receive and also reduced the amount of pension which may be paid widows of deceased members of any city fire department. Title 11, chap. 6b, S. L. 1945.

The decisive question here presented is as to whether the amendatory act of 1945 is retroactive and is applicable to pensions theretofore granted under the act prior to its amendment. The trial court answered this question in the negative and granted the writs as prayed for. We think the judgments correct.

It is generally held that statutes are presumed to operate prospectively only, and words ought not to be given a retrospective operation unless they are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature cannot be otherwise satisfied, and that in case of doubt the doubt should be resolved against the retrospective effect. Franklin v. Sovereign Camp W.O.W., 145 Okla. 159, 291 P. 513; State v. Ward, 189 Okla. 532, 118 P. 2d 216.

There is no language contained in the amendatory act of 1945 which tends to indicate that the Legislature intended that such act should be given a retrospective effect. Under the 1941 law the right of a retired member of a fire department to receive a pension and the amount thereof was controlled by section 364, supra, and the right of the widow upon his death to draw a pension and the amount she was then entitled to draw is also governed by this section. This section, in substance, provides that any person who at the time of taking effect of the act, or who shall thereafter have been appointed as a member of the fire department of a city and has served for a period of 20 years or more in such department and for five years consecutively and after his service in such fire department shall have ceased, shall be entitled to re-

ceive a monthly pension equal to one-half of the salary attached to the rank which he may have held in such department preceding the date of his retirement, and that upon his death his widow, or children dependent upon him for support, are entitled to receive such pension and such widow shall continue to draw the same until her death or until she again marries. This section was amended by sections 1 and 6 of Title 11, chap. 6b, S. L. 1945. Section 1 of the act provides the amount of pension a retired member of the fire department is entitled to receive and is as follows:

"Any person, who, prior to the effective date of this Act, shall have been duly appointed and enrolled as a member of a regularly constituted Fire Department of any city or town of the State and *who serves* as such member in any capacity or rank for a period of not less than twenty (20) years, the last five (5) of which shall have been continuous in the Fire Department in which he was a member at the time he retires, *shall be entitled, upon his written request,* to retire from such service and to be thereon paid from the Firemen's Relief and Pension Fund a monthly pension of one-half (½) of the average monthly salary which was paid to him for his service in such Fire Department during the last Sixty (60) months of his service; Provided, that said pension shall cease during any period of time he may thereafter serve for compensation in any municipal Fire Department in this or any other State."

Section 6 provides the amount that a widow of a deceased retired fireman is to receive and in substance provides that such widow shall receive a pension in an amount not to exceed two-thirds of the pension awarded her deceased husband, and if there be but one living child such child shall receive an amount equal to 20 per cent of payments, but if there be more than one living child the amount of pension in excess of the amount awarded the widow shall be prorated between them. Such widow shall continue to draw the pension until her death or until she

again marries. The section then contains the following provision:

"Provided, further, that in order for a widow to qualify for said pension she must have been married to and living with the pensioner as his wife at the time of his retirement and at least five (5) continuous years prior thereto."

It will be noted that under the 1941 law, when the service of any member of a fire department who is entitled to retire has for any cause ceased, he shall be paid a pension equal to one-half of the salary he was drawing at the time of his retirement; that upon his death his widow is entitled to receive such monthly payment until her death or until she again marries. Under the act as amended a member of a fire department of any city who serves as such member in any capacity or rank for a period of not less than 20 years, the last five years of which shall be continuous, *shall be entitled upon his written request* to retire from such service and to be paid from the pension fund a monthly pension of one-half of the average monthly salary which was paid him for his services during the last 60 months of his service. It will thus be seen that under this section the pension awarded a retired member of the fire department has been considerably reduced and the same applies to a widow of a deceased fireman. Under section 6 of the amendatory act, supra, the monthly payment of the widow of a deceased pensioner is reduced from one-half of the salary of the pensioner at the time of his retirement to 66 2/3 per cent of the monthly pension based on one-half of the average monthly salary paid the pensioner for 60 months immediately preceding his death. In this case the record discloses that plaintiff Christenson's pension was reduced from $86.25 per month to $57.16 per month. The monthly payments awarded the other plaintiffs were reduced in the same ratio.

We fail to discover any language contained in the amendatory act which would tend to indicate that the Legis-

lature intended that such provision should be applicable to pensions awarded under the 1941 law. It will be observed that this section provides that any person who, prior to effective date of the act, shall have been duly appointed and enrolled and who serves for the number of years therein required shall be entitled to a pension upon retirement. The language "who serves" would indicate that it was clearly the intention of the Legislature that said act should only apply to persons to whom pensions are awarded after the effective date of the amendment and not to persons who had then retired and were then drawing pensions. The following language should also be noted in construing the amendatory act: "*such member . . . shall be entitled upon his written request to retire.*" We fail to see how such language can apply to a person who has already retired and has been granted and is drawing a monthly pension. Under the prior act it was not at all essential, in order for a member of a fire department to retire, that he should file a written request; but under that act he was automatically retired after having performed the required years of service and his services for any cause had ceased. We therefore conclude that this section, so far as the same is applicable to retired members of a fire department, cannot be given a retrospective effect. For the same reason neither can it be given such effect as to the widow of such deceased fireman. Moreover, section 6 of the amendatory act contains the following provisions:

"Provided, further, that in order for a widow to qualify for said pension she must have been married to and living with the pensioner as his wife at the time of his retirement and at least five (5) continuous years prior thereto."

No requirement as to the length of the existence of the marriage prior to the death of pensioner was contained in the 1941 law. Under that law the widow of a retired pensioner was entitled to draw the monthly pension allowed regardless of the length of time she had

been married to pensioner prior to his death. It is quite evident from the language there used that it was not the intention of the Legislature that this act be given a retrospective effect and thus operate to entirely exclude from the pension roll a widow who had not been married five consecutive years prior to the death of pensioner and who had already been awarded and was drawing a pension.

The other plaintiffs are widows of deceased members of the Fire Department of the City of Tulsa who had died as a result of injuries sustained while in the performance of their duties as such firemen, and their right to the pension and the amount they were entitled to receive is governed by section 368 of the 1941 Act, supra. Under this section a widow of such fireman was entitled to receive and draw a monthly pension during her life or until she again married equal to one-half of the salary that the deceased fireman was drawing at the time of his death. This section was amended by section 4 of the 1945 Act, supra, and provides:

"Whenever any member of the Fire Department of any such city or town shall lose his life by reason of any injury or sickness sustained by him while in, or in consequence of the performance of his duty, leaving a widow, or child or children under the age of eighteen (18) years, then, upon satisfactory proof of such facts made to it, such Board shall order and direct that a monthly pension be paid in accordance with the provisions of Section 6, of this Act; Provided, that such a widow who was living with said member as his wife at the time of his death will be entitled to said pension regardless as to the time and length of her marriage."

It will be noted that a widow of any deceased member of a fire department referred to in the above section is entitled to receive a monthly pension as provided by section 6 of the act. Section 6 of the act, however, does not specifically designate the amount of monthly pension the widow of such deceased member of the fire department shall be entitled to receive. Said act

mentions only the widow of a deceased retired member of a fire department who at the time of his death was drawing a pension. It provides that such widow shall receive an amount not to exceed 66 2/3 per cent of such pension. Counsel for defendants in their brief recognize the uncertainty of this language as applicable to widows of deceased members of a fire department who lost their lives resulting from sickness or injuries sustained in the performance of their duties, but assume that since section 4 in referring to such widows states that pensions shall be awarded them as provided in section 6 of the act, such widows should be awarded pensions in the same amount. Assuming that the amendatory act should be given such a construction we fail to see any language contained therein which would justify us in giving the same a retrospective effect.

Counsel for defendants in their brief assume without any discussion that the amendatory act is retroactive and brief their case on the sole proposition that the Legislature had the constitutional authority and power to make it retroactive. Since we have held that the act is not retroactive, it becomes unnecessary to determine this question.

The judgments are affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, and WELCH, JJ., concur.