**BOARD OF TRUSTEES OF the POLICE PENSION AND RETIREMENT SYSTEM OF OKLAHOMA CITY, Oklahoma, Plaintiff in Error,**

**v.**

**Isaac E. BURNS et al., Defendants in Error.**

**In re Application for PENSION BENEFITS OF Isaac E. BURNS, and all others similarly situated.**

**No. 38476.**

Supreme Court of Oklahoma.

Dec. 29, 1959.

Rehearing Denied Feb. 2, 1960.

A. L. Jeffrey, Municipal Counselor, William J. Ross, Asst. Municipal Counselor, Oklahoma City, for plaintiff in error.

W. R. Lawrence, John A. Butler, Oklahoma City, for defendants in error.

HALLEY, Justice.

The plaintiff in error will be called defendant and the defendant in error plaintiff

or by name. Isaac E. Burns was a regular member of the Police Department of Oklahoma City, Oklahoma, from May 1, 1927, to July 1, 1949. On this last date he retired from that Department under the Statutes of Oklahoma and the Ordinances of the City of Oklahoma City then extant. He has ever since drawn a pension based on such laws which were 11 O.S.1951 § 541k (Section 1, Ch. 13A, Title 11, p. 79, Oklahoma Session Laws 1949) and Oklahoma City Ordinance No. 8063. The Act of the Legislature contained the following provision:

"* * * Providing further any policeman who serves over twenty-five (25) years may be retired at one-half (½) of the final average compensation of such policeman, plus two per cent (2%) of each additional year in excess of twenty-five (25) years, not to exceed in any event three fourths (¾) of final average compensation of such policeman. * * *"

In 1957 the Legislature amended this Section again and among other things changed this sentence to read as follows:

"* * * Providing further, any policeman eligible for retirement under this Subsection who served twenty (20) years, shall be retired at one-half (½) of the final average compensation of such policeman during the last five (5) years, plus two per cent (2%) for each additional year's service in excess of twenty (20) years, not to exceed in any event three-fourths (¾) of the final average compensation of such policeman during the last five (5) years. * * *"

The Legislature simply lowered the number of years that had to be served before a policeman could collect the additional two per cent a year from twenty-five years to twenty years. If this provision had been in existence when Burns retired he would have gotten fifty-four per cent of his salary according to the rate fixed in the Act. The sole question in this case is "May those policemen in Oklahoma City who retired under the law of 1949 after twenty years

service get the benefit of the two per cent a year provision for the years they served over and above the twenty years?"

This Court denied recovery in Board of Trustees of Firemen's Relief and Pension Fund v. Hicks, 161 Okl. 116, 17 P.2d 428, where a fireman sought to get the benefit of a raise in salary to firemen on active duty which raise was made after his retirement. We held that a retired fireman's pension was fixed at fifty per cent of the salary of his rank at the time of his retirement, and that he was not entitled to an increase in his pension to conform to the increase in salary to active firemen. We also said that the amount of his pension was fixed as of the date of his retirement. We elected to follow the Illinois view which is found in O'Neil v. Harding, 314 Ill. 516, 145 N.E. 593 and Sup v. Cervenka, 331 Ill. 459, 163 N.E. 396. We declined to follow the California view found in Klench v. Board of Pension Fund Com'rs of the City of Stockton, 79 Cal.App. 171, 249 P. 46 and Jones v. Cooney, 82 Cal.App. 265, 255 P. 536. Kentucky in the case of Board of Trustees of Policemen's Pension Fund v. Schupp, 223 Ky. 269, 3 S.W.2d 606, adopted the same rule as California. The California and Kentucky cases are very persuasive but we are not ready to change our position. We held in Ross v. Board of Trustees of Firemen's Pension Fund, 201 Okl. 476, 207 P.2d 254, that the right of a claimant is controlled by the statute in effect when the right to a pension vested.

On the other hand we have been just as firm in our position that we will not permit a pension to be reduced after the right to such pension has been established unless the Act provides it shall have retrospective effect. We said that an amendatory act was not retroactive and did not operate to lower pensions theretofore awarded widows of deceased members of the city fire department. Board of Trustees of Firemen's Relief and Pension Fund of City of Tulsa v. Naughton, 197 Okl. 592, 173 P.2d 425.

We think it clear from the plain provisions of 11 O.S.1951 § 541k, as amended by S.L.1957, p. 38, that it looks to the future, as shown by the continued use of the word "shall."

The Supreme Court of Arkansas had a similar statute before it in Cross v. Graham, 224 Ark. 277, 272 S.W.2d 682, a police pension case. That tribunal held that the use of the word "shall" as is done in the Oklahoma statute showed that the Act was forward looking and envisaged attachment of certain rights to pensionable status to be achieved in the future.

In view of our previous holdings and the plain provisions of the aforementioned 1957 Act, the judgment of the trial court is reversed with directions to deny the writ of mandamus.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD, JACKSON, IRWIN, JJ., concur.

WELCH, J., concurs in the result.