Dear Honorable York,
The Attorney General has received your request for an official opinion asking, in effect:
 1. What effect, if any, does newly enacted 12 O.S. 1289.1 (1985), have on liens created prior to the effective date of that statute?
 2. If 12 O.S. 1289.1 (1985) applies to liens created prior to its effective date, is that section unconstitutional pursuant to Okla. Const. Article II, Section 15?
Section 20 of Enrolled House Bill No. 1209, to be codified as 12 O.S.1289.1 (1985), is part of a comprehensive legislative plan to assist in the collection of child support which has been awarded the custodial parent of a minor child. The section provides that arrearages in such support which are reduced to an order of the court or an administrative order of the Department of Human Services may be a lien against the real and personal property of the person ordered to make the support payments. 12 O.S. 1289.1(D) of the new statute then provides, in part:
 "Except for first mortgage liens, liens created pursuant to this section shall take precedence over all other liens whether statutory or secured or whether such liens were created prior or subsequent to the child support lien created pursuant to this section." (Emphasis added).
Your question is concerned with whether Section D above is applicable to liens created prior to October 1, 1985, the effective date of this legislation.
A lien is a charge imposed upon specific property, by which it is made security for the performance of an act. 42 O.S. 1 (1981). Liens may be created by contract of the parties or by operation of law. 42 O.S. 6
(1981). A contract of mortgage is a lien, and is subject to the Oklahoma statutes governing liens. Rives v. Mincks Hotel Co., 30 P.2d 911 (Okla. 1934); 42 O.S. 5 (1981). In addition, liens may be created against real or personal property, pursuant to several Oklahoma statutes, including 42O.S. 141 et seq. (1981), as amended (mechanics' and materialmen's liens against real property for work performed thereon), 12 O.S. 706 (1981) (judgment liens against real property), and 5 O.S. 6 (1981) (attorney's liens against the proceeds of a client's cause of action). Title 42 O.S.15 (1981), provides that, all things being equal, different liens upon the same property have priority according to the time of their creation.
With the exception of first mortgage liens, section D quoted above purports to give the lien created by 12 O.S. 1289.1 priority over all other liens whether statutory or secured, and regardless of which lien was created first in time. In essence, your question is whether this statute applies retroactively, or prospectively only.
It has long been the general rule in Oklahoma that:
 "[S]tatutes are presumed to operate prospectively only, and words ought not to be given a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied and that in case of doubt the doubt should be resolved against the retrospective effect." Board of Trustees of Firemen's Relief and Pension Fund of City of Tulsa v. Naughton, 173 P.2d 425, 426 (Okla. 1946) (Emphasis added).
See also, Franklin v. Sovereign Camp, W.O.W., 291 P. 513, 515 (Okla. 1930).
Moreover, as the Oklahoma Court has held since early statehood:
 "The function of the Legislature is to prescribe rules to operate upon the actions and rights of citizens in the future. While, in the absence of a constitutional inhibition, the Legislature may give to some of its acts a retrospective operation, the intention to do so must be clearly expressed, or necessarily implied from what is expressed; and, assuming the Legislature to possess the power, its act will not be construed to impair or destroy a vested right under a valid contract unless it is so framed as to preclude any other interpretation." Casey v. Bingham, 132 P.663,665 (Okla. 1913), citing Southwestern Coal Improvement Co. v. McBride, 185 U.S. 499, 22 S.Ct. 763, 45 L.Ed. 1010 (1902) (Emphasis added).
The Court in Casey continued:
 "Courts of justice agree that no statute, however positive in its terms, is to be construed as designed to interfere with existing contracts, rights of action, or with vested rights, unless the intention that it shall so operate is expressly declared or is to be necessarily implied, and pursuant to that rule courts will apply new statutes only to future cases, unless there is something in the nature of the case or in the language of the new provision which shows that they were intended to have a retroactive operation. Even though the words of a statute are broad enough in their literal extent to comprehend existing cases, they must yet be construed as applicable only to cases that may hereafter arise, unless the language employed expresses a contrary intention in unequivocal terms." 132 P. at 665-6. (Citation omitted.)
See also, Thomas v. Cumberland Operating Co., 569 P.2d 974, 976 (Okla. 1977); Board of Trustees of the Police Pension and Retirement System ofTulsa, 366 P.2d 415, 418 (Okla. 1961).
While the language of 12 O.S. 1281.9 may conceivably be construed as broad enough to authorize the application of the statute retroactively, there is certainly neither an express declaration "in unequivocal terms" of such a legislative intent, Casey, supra, nor language "so clear, strong and imperative" as to rebut the well-established presumption against such application. Naughton, supra.
Because we find the statute must be applied prospectively only, we need not reach the Constitutionality of the statute under Article II, Section15 of the Oklahoma Constitution.
It is, therefore, the official opinion of the Attorney General that theapplication of 12 O.S. 1289.1 (1985), is prospective only, and thus thestatute has no effect on liens created prior to its passage andapproval.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
SUSAN BRIMER AGOSTA, ASSISTANT ATTORNEY GENERAL CHIEF, LEGAL SERVICES