Dear Honorable Taylor,
The Attorney General has received your request for an official opinion asking, in effect:
 Is a retired member of the Oklahoma Law Enforcement Retirement System who retired prior to July 24, 1985, eligible to have his retirement benefits recalculated using a final average salary based on the highest thirty consecutive complete months of salary rather than the highest sixty' consecutive months of salary which was used to compute his retirement benefits?
As with all other state retirement systems, the Oklahoma Law Enforcement Retirement System (OLERS) has a statutory formula with which retirement benefits are computed. In general the retirement benefit is derived by multiplying three variables. These variables are the retiree's years of creditable service, his final average salary, and a percentage amount, which in the case of the Oklahoma Law Enforcement Retirement System, is 2 1/2 percent. 47 O.S. 2-305 (1985). "Final average salary" and "credited service" have both had specific definitions by statute since OLERS was established in 1980. "Final average salary" was originally defined as follows:
 "7. `Final average salary' means the average of the highest sixty (60) consecutive complete months of actual paid base salary. Base salary shall not include payment for accumulated annual leave and sick leave, upon termination of employment or any uniform allowances; for purpose of determining retirement and disability benefits, and contribution rates (of members who became members of the System prior to July 1, 1980) the actual paid base salary shall be as provided in the following schedule:
"Member Classification Base Salary
"Highway Patrol Division $1,200.00
"Communications Division 1,080.00
"Drivers License Division 1,080.00
47 O.S. 2-300(7) (1980).
In 1982, the Legislature shortened the definition and provided as follows:
 "8. `Final average salary' means the average of the highest sixty (60) consecutive complete months of actual paid base salary[.]" 47 O.S. 2-300(8) (1982).
In 1985, House Bill 1155 was passed and changed the definition to the following:
 "8. `Final average salary' means the average of the highest thirty (30) consecutive complete months of actual paid base salary[.]" 47 O.S. 2-300(8) (1985).
House Bill 1155 was passed with an emergency clause that went into effect on July 24, 1985. Your question asks whether this "change in formula" should be applied to members who retired prior to the effective date of this Act and whose retirement benefits were figured under the old formula.
To ascertain the intent of the Legislature in passing a given statute it is often necessary to analyze the entire set of statutes or the entire Act passed by the Legislature. Poafpybitty v. Skelly Oil Company,394 P.2d 515 (Okla. 1964). When the Legislature passed House Bill 1155, several statutes affecting the Oklahoma Law Enforcement System were amended. The most notable addition to these statutes appearing in House Bill 1155 is 47 O.S. 2-305.1 (1985) which reads as follows:
 "A. On July 1, 1985, a member who retired prior to July 1, 1982, or the surviving spouse of such a member or the surviving spouse of a member who became deceased prior to July 1, 1982, shall receive retirement benefits computed in accordance with the provisions of Section 2-305[47-2-305] of Title 47 of the Oklahoma Statutes. For the purpose of the computation, the final average salary shall be Two Thousand, One Hundred Seventeen Dollars ($2,117.00).
 "B. Except for those persons specified in subsection A of this section, any person receiving benefits from the Oklahoma Law Enforcement Retirement System as of June 30, 1985, shall receive a six percent (6%) increase in said benefits on July 1, 1985.
 "C. Any person receiving benefits from the Oklahoma Law Enforcement Retirement System as of June 30, 1986, shall receive a six percent (6%) increase in said benefits on July 1, 1986."
This new statute did several things. It created a class of retirees who retired before July 1, 1982. The Legislature specifically mandated that their benefits would be recalculated according to 47 O.S. 2-305 (1985). Instead of allowing these retirees to have their benefits computed using the various final average salaries of these retirees, the Legislature instead fixed this variable at $2,117.00. Section 47 O.S. 2-305 also created a second class of persons retiring between July 1, 1982, and July 1, 1985. To those retirees was given a blanket six percent (6%) increase in retirement benefits. No specific statement was made by the Legislature to recalculate the benefits of these retirees.
Acts of the Legislature are presumed to operate prospectively only. As the Oklahoma Supreme Court held in Board of Trustees of Firemen's Reliefand Pension Fund of City of Tulsa v. Naughton, 173 P.2d 425 (Okla. 1946):
 "It is generally held that statutes are presumed to operate prospectively only, and words are not to be given a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature cannot be otherwise satisfied and that in case of doubt the doubt should be resolved against the retrospective effect. [citations omitted]." 173 P.2d at 426.
Under the Oklahoma Law Enforcement Retirement System, as with most of the other State retirement systems, a person's retirement benefit is only calculated once, that being at the date he begins to receive the benefit. To go back and recalculate the retirement benefits of all current retirees simply because the Legislature changed the formula on which retirement benefits are based would indeed be giving a retroactive effect to a State statute. The Legislature did not express its intent to do so. Therefore, the new formula should be given prospective effect only to persons retiring after the effective date of H.B. 1155. Buttressing this conclusion is the fact that it expressly provided that retirees retiring prior to July 1, 1982, would have their benefits recalculated while not so providing for other retirees.
This interpretation is consistent with the law in Oklahoma and other jurisdictions. A similar situation arose in the case of Board of Trusteesof Police Pension and Retirement System of Oklahoma City v. Burns,348 P.2d 1067 (Okla. 1959). In this case the Legislature changed the formula upon which retirement benefits were calculated. A retired police officer who retired eight years prior to the amendment argued that his retirement benefits should be recalculated using the new formula. The Supreme Court specifically found that the statute was prospective only and cited a previous opinion saying, "the right of a claimant is controlled by the statute in effect when the right to a pension vested."348 P.2d at 1068.
A similar situation arose in the case of Atchison v. Retirement Boardof Police Retirement System of Kansas City, 343 S.W.2d 25 (Mo. 1961). In this case the Missouri Legislature passed a bill changing the formula on which retirement benefits were calculated. Just as the Oklahoma Legislature, the Missouri Legislature did not specify that the new formula would be applied to retired members of the system. The Missouri Supreme Court held as follows:
 "The controlling statutes in effect at the time appellants' pension rights vested expressed appellants' monetary rights under a formula which produced a certain number of dollars. Nothing in H.B. 544, expressly or by implication, extended the benefits of increased pensions to members who on the effective date of the act had retired from the service and whose rights had fully accrued and vested prior to the passage of H.B. 544." 343 S.W.2d at 34.
The intent of the Oklahoma Legislature is clear. Members who retired prior to July 1, 1982, were specifically to have their benefits recalculated in accordance with 47 O.S. 2-305.1 (1985). Members who retired between July 1, 1982, and July 1, 1985, were expressly given a six percent (6%) raise in benefits. As the Legislature expressed no intention of applying the new definition of "final average salary," the Legislature clearly intended for the statute to have prospective effect only to those persons retiring after the effective date of July 24, 1985.
It is, therefore, the official opinion of the Attorney General thatpursuant to 47 O.S. 2-300(8) and 47 O.S. 2-305.1 (1985), only thoseOklahoma Law Enforcement Retirement System members retiring after July24, 1985, will have their retirement benefits calculated using a finalaverage salary based on the highest thirty (30) consecutive months ofsalary. Members of the Oklahoma Law Enforcement Retirement Systemretiring prior to that date shall not have their benefits recalculatedusing the final average salary based on the highest thirty (30)consecutive months.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
THOMAS L. SPENCER, ASSISTANT ATTORNEY GENERAL