544 A.2d 1135

Roger Thelin, an individual citizen, Appellant *v.* Borough of Warren, a municipal corporation, Appellee.

Argued May 24, 1988, before President Judge CRUMLISH, JR., Judge SMITH, and Senior Judge BARBIERI, sitting as a panel of three.

*Joseph A. Massa, Jr.,* for appellant.

*William F. Morgan,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 3, 1988:

Roger Thelin appeals a Warren County Common Pleas Court order which dismissed his mandamus complaint. We affirm.

Thelin, a 49 year old Warren Borough police officer with almost 25 years' service, resigned in 1980 as the borough's chief of police. Under the pension plan then in effect,[1] Thelin was eligible to withdraw only his contributions to the plan plus interest, because his right to a full pension would not vest until he reached age sixty with twenty-five years' service.

Approximately six months after his resignation, the borough enacted a new pension plan[2] pursuant to a collective bargaining agreement, making vesting retroactive to 1979 and vesting at age fifty or twenty-five years' service. In addition, it increased retirement benefits to contributing officers, based on the member's highest monthly salary. Thus, Thelin was considered vested; however, his retirement benefits were computed under the 1976 ordinance.

Thelin filed a complaint in mandamus, seeking to compel the borough to pay him benefits according to the 1981 plan.

The common pleas court, based on stipulated facts, concluded that since Thelin did not contribute to the amended plan, he was ineligible to receive that plan's compensation benefits.

Mandamus is an extraordinary remedy and the right thereto is only available after a showing of a clear legal

---

[1] On September 13, 1976, the borough adopted Ordinance No. 1108, amending Ordinance No. 750 to compute benefits based on average monthly salary.

[2] Ordinance No. 1296, adopted May 11, 1981.

right to the writ and a lack of any other adequate and specific remedy. *Equitable Gas Co. v. City of Pittsburgh,* 507 Pa. 53, 488 A.2d 270 (1985). Our scope of review of a common pleas court order dismissing a complaint in mandamus is limited to determining whether the common pleas court committed an error of law or an abuse of discretion. *Germantown Business Association v. City of Philadelphia,* 111 Pa. Commonwealth Ct. 503, 534 A.2d 553 (1987).

Thelin contends that in amending its statutory pension plan by increasing benefits to contributing officers, the borough unlawfully denied him pension rights. In addition, he argues that the borough's action unconstitutionally impairs his pension contract rights. U.S. Const. art. I, §10, cl. 1; Pa. Const. art. I, §17.

An employee's pension rights vest when he or she has satisfied all prerequisites under the plan. *Newport Township v. Margalis,* 110 Pa. Commonwealth Ct. 611, 532 A.2d 1263 (1987). While a municipality may not alter a pensioner's plan after vesting, *Kane v. Policemen's Relief and Pension Fund of Pittsburgh,* 336 Pa. 540, 9 A.2d 739 (1939), a municipality may change or add conditions of vesting when such would enhance the actuarial soundness of the fund. *Eisenberger v. Harrisburg Police Pension Commission,* 400 Pa. 418, 162 A.2d 347 (1960). Moreover, a municipality cannot raise a former employee's retirement benefits after that employee's service to the municipality has ended. *Koehnlein v. Allegheny County Employees' Retirement System,* 373 Pa. 535, 97 A.2d 88 (1953). To do so could adversely affect a plan's actuarial soundness, thus depriving contributing members of their pension benefits.

The borough, acting within its authority, made a reasonable legislative decision to strengthen its police pension plan to benefit officers active in service.

Under the retroactive vesting provisions of the 1981 plan, Thelin became entitled to receive benefits and improved disability protection. This plan gives additional benefits to Thelin and in no way deprives him of entitlement. Therefore, Thelin's contentions that the borough unlawfully deprived him of contract or other rights fails.

Accordingly, the order of the common pleas court is affirmed.

ORDER

The order of the Warren County Common Pleas Court, No. 580 of 1985 dated December 2, 1987, is hereby affirmed.