566 A.2d 367

**Ray McVAY, Roy Blacka, Thomas Mears, William Moulton, William Ross and Paul Maust, Appellants,**

v.

**The CITY OF WASHINGTON, Firemen's Pension Fund and its Board of Managers, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 2, 1989.

Decided Nov. 20, 1989.

Frank C. Carroll, P.C., Washington, for appellants.

John Patrick Smider, Phillips & Faldowski, P.C., Washington, for appellees.

Before CRAIG and DOYLE, JJ., and NARICK, Senior Judge.

CRAIG, Judge.

Six retired firemen (retirees), all formerly employed by the third class City of Washington and members of the Firemen's Relief Association, appeal an order of the Court of Common Pleas of Washington County denying the retirees' request for payment of service increments, retroactively and in the future, pursuant to section 4322 of The Third Class City Code.[1] We affirm.

There is no dispute that the association voted to transfer its pre-existing pension fund, to which the retirees had contributed, into a pension fund established by the City of Washington, as required by section 4320 of the Code, 53 P.S. § 39320. However, the city delayed in taking over the fund until November 9, 1979, when the Common Pleas Court of Washington County ordered the transfer, effective on January 1, 1980. The retirees have been receiving the pension benefits to which they were and are entitled as of their respective retirements, all of which occurred before January 1, 1980.

In addition to the pension benefits which are authorized to be paid from the city's pension fund under section 4320 of the Code, section 4322(b) of the Code provides for the

1. Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. § 39322.

benefit of a "service increment," which was not available to the retirees under the association's pension fund.

The retirees instituted an action in mandamus to compel the city's pension fund to pay them service increments totaling approximately $56,250, plus additional service increments in the future, at approximately $30 per month. The retirees base their action upon their willingness to make an additional contribution of $1 per month for each month of their respective service before retiring. The trial court ruled in favor of the city, and pursuant to the filing of post-trial motions, the court en banc sustained the decision of the trial judge. The retirees' appeal to this court followed.

The sole issue, one of first impression, is whether the association's transfer of its pension fund to the city's pension fund entitles past contributors to receive, retroactively, the additional service increment offered by the city's fund.

■ Our scope of review of a common pleas court order dismissing a complaint in mandamus is limited to a determination of whether the trial court committed an error of law or an abuse of discretion. *Thelin v. Borough of Warren*, 118 Pa.Commonwealth Ct. 336, 544 A.2d 1135 (1988).

Section 4322(b) of the Code, which became applicable to this association on January 1, 1980, specifies the following eligibility requirements for receiving the service increment:

(2) Each contributor, from and after the effective date of this amendment, shall pay into the pension fund a monthly sum in addition to his pension contribution, which shall not exceed the sum of one dollar ($1) per month.

. . . .

(5) All members of the fire department who are *now contributors* to the pension fund and all of those employed by the city after the effective date of this amendment, if required to become contributors to the pension fund, shall be subject to the provisions of this act. (Emphasis added.)

The statute includes no provision for retroactive coverage or retroactive contributions.

The retirees contend that the transfer of money from the old fund to the new one qualifies them as "now" contributors. However, they did not make contributions to the city's pension fund on or after January 1, 1980; their previous contributions were merely re-directed.

Moreover, a municipality cannot raise a former employee's retirement benefits after that employee's service to the municipality has ended because to do so could adversely affect the actuarial soundness of a pension plan, thus depriving contributing members of the pension benefits to which they are entitled. *Thelin* (citing *Koehnlein v. Allegheny County Employees' Retirement System*, 373 Pa. 535, 97 A.2d 88 (1953)).

The retirees rely on *Osser v. City of Philadelphia*, 506 Pa. 339, 485 A.2d 392 (1984), for the proposition that the transfer of funds from the association's pension plan to the city's plan was an exchange of old contractual rights for the new obligations and benefits provided by the city's Code-regulated plan. However, *Osser* is not applicable because that case involved a disqualification provision contained in the pension plan into which Osser transferred. The court did not address the issue of increasing a former employee's retirement benefits, as it did in *Koehnlein*.

Finally, the retirees contend that they should be permitted to receive service increments because the city declared Robert Davis, a fireman who submitted his resignation on December 26, 1979, and retired on January 1, 1980, eligible for service increments if he contributed $1 to the city pension fund. Although the trial court addressed the particular actions of Mr. Davis and the city with regard to him, Mr. Davis is not a party in the present action, and his eligibility for service increments was not determined by a judicial body. Therefore, we have no authority to consider or apply Mr. Davis' situation to the case presently before us.

Because the Code contains no provision for retroactive inclusion in service increment benefits, and because the retirees do not qualify under section 4322(b) of the Code to receive service increments, we hold that the court of common pleas committed no error of law or abuse of discretion.

Accordingly, the trial court's decision is affirmed.

## ORDER

NOW, November 20, 1989, the order of the Court of Common Pleas of Washington County, dated January 3, 1989, at No. 88–1092, is affirmed.