Lynn D. McMASTERS, Appellant

v.

The CITY OF FRANKLIN, City Council for the City of Franklin, and The City of Franklin Police Pension Board.

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 2007.

Decided March 13, 2007.

David A. Ristvey, Hermitage, for appellant.

Brian P. Gabriel, Pittsburgh, for appellees.

BEFORE: LEADBETTER, President Judge, SMITH–RIBNER, Judge (P), and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Lynn D. McMasters (McMasters) appeals from an order of the Court of Common Pleas of Venango County (trial court) which denied his motion for summary judgment and granted the cross-motion for summary judgment filed by the City of Franklin (City), Council for the City of Franklin (Council) and the City of Franklin Police Pension Board (Pension Board) (collectively, Appellees). We affirm.

On September 2, 2004, McMasters filed a complaint in mandamus against Appellees seeking a service increment pension benefit increase from $100 per month to $500 per month. McMasters claimed entitlement to the increase based on a collective bargaining agreement dated June 24, 2003 (2003 Agreement). Appellees filed an answer and new matter denying that McMasters was entitled to the increase in the monthly service increment. The parties entered into a stipulation of facts and both parties filed motions for summary judgment.

According to the stipulation between the parties, McMasters was initially hired as a patrolman for the City's police department on December 15, 1974 and held that rank until December 1, 1986, when he was promoted to lieutenant. McMasters held the rank of lieutenant until March 31, 1989, at which time he was promoted to captain. He held the rank of captain until May 6,

1991. McMasters was then appointed to the position of chief of police on May 7, 1991, which position he held until his retirement on May 28, 2002. From December 15, 1974, until his retirement on May 28, 2002, McMasters was continually employed by the City's police department and participated in the City's police pension fund.

In a memorandum dated April 23, 2002, directed to the City manager, McMasters gave notice of his retirement effective May 28, 2002. In his memorandum, McMasters requested "that I be afforded all the rights and privileges of the 2002 Police Contract for retirement benefits once it is finalized as I have worked in the calendar year for which it is being negotiated." (R.R. 61a.) On May 13, 2002, McMasters wrote to the Pension Board, advising it of his retirement. He also stated that "I would further request if there is any additional benefits awarded under the 2002 Police contract for pension, that I receive them, as I have been a member of the Department during the contract year." (Id.)

At the time of his retirement, the then existing Collective Bargaining Agreement (CBA), which had an effective date of January 1, 1999 through December 31, 2001, had expired. The City and Wage and Policy Committee, the exclusive bargaining representative for non-managerial employees of the City's police department, negotiated and bargained unsuccessfully until an impasse was declared and the matter was noticed for arbitration. Negotiations continued through 2002 and into 2003, during which time the City's police department worked under the terms and conditions of the old CBA.

On June 24, 2003, the City and Wage and Policy Committee executed the 2003 Agreement, which provided:

[T]he parties to this Agreement have agreed, through collective bargaining, to certain modifications to the parties' collective bargaining agreement which had a stated term ending December 31, 2001. Those modifications are memorialized in this Agreement and, except for the modifications noted into this Agreement, all of the existing terms and conditions of employment noted in the existing collective bargaining agreement remain in full force and effect during the term of this new collective bargaining agreement. Unless otherwise stated, all of the modifications to the existing collective bargaining agreement noted in this Agreement are effective January 1, 2002.

. . . .

1. The term of the Contract shall be for a period of three (3) years, retroactive to January 1, 2002 and expiring December 31, 2004.

. . . .

5. The Codified Ordinances of the City of Franklin shall be amended to reflect a $500.00 pension service increment.

On September 9, 2003, McMasters sent a memorandum to the City requesting "that my pension service increment be increased as required by the Collective Bargaining Agreement for the 2002 Contract with the City of Franklin Police Department." (R.R. 63a, 92a.) McMasters sent a similar memo to the Pension Board. On September 17, 2003, a City representative sent McMasters a letter informing him that his request for an increase in his service increment was being denied.

On March 1, 2004, Council introduced Bill No. 1 of 2004. The Bill stated that Article 147 was to be amended "to provide for a service increment utilized to calculate the normal retirement benefit for full-time members of the Police Department of the City of Franklin who retire on or after January 1, 2002." (R.R. 97a.) The in-

crease was to be from $100 to $500 per month. The bill also provided that "[t]his Ordinance shall become effective on the earliest date permitted by law following final enactment." (R.R. 98a.)

On April 5, 2004, Council passed an amended version of Bill No. 1 of 2004. Ordinance 1 of 2004 provides as follows:

Section 147.04(a)(1)(ii) of Article 147 of the Codified Ordinances of the City of Franklin be, and is hereby amended, to increase the maximum dollar limit of the Service Increment from $100.00 per month to $500.00 per month for any full-time member of the Department who retires on or after June 24, 2003.

(R.R. 99a.) Ordinance No. 1 also provides that "[t]his Ordinance shall become effective on the earliest date permitted by law following final enactment." (R.R. 100a.)

Since his retirement, McMasters has received service increments of $100.00 per month, not $500.00. McMasters is the only member of the City's police department to have retired between January 1, 2002 and June 24, 2003.

Based on the above evidence, the trial court determined that McMasters' complaint was not barred due to the expiration of the statute of limitations period, that although McMasters was the chief of police and a member of management, he was nonetheless entitled to the benefits of the pension plan contained in the 2003 Agreement and that the 2003 Agreement by its terms, vested McMasters with the right to the benefits contained therein. Moreover, according to the trial court, Ordinance No. 1, which passed on April 15, 2004 and changed the effective date of the 2003 Agreement from January 1, 2002 to June 24, 2003, was a unilateral modification of the 2003 Agreement and a breach of that Agreement. To allow the municipality by ordinance to unilaterally change an agreement created from collective bargaining would make collective bargaining useless. *City of Philadelphia v. District Council 33, American Federation of State, County & Municipal Employees,* 528 Pa. 355, 598 A.2d 256 (1991).

The trial court further concluded, however, that the January 1, 2002 effective date contained in the 2003 Agreement was contrary to positive law inasmuch as on January 1, 2002, Section 4303 of The Third Class City Code (Code), 53 P.S. § 39303(b)(1), permitted cities to pay no more than a $100 service increment.[1] Section 4304 of the Code, 53 P.S. § 39303(b)(6), was not amended to allow cities to increase service increments to $500 until June 19, 2002 and there was no provision permitting it to be applied retroactively. Thus, the trial court concluded that with respect to pensions, the effective date of the 2003 Agreement was the date it was agreed to, June 24, 2003. As such, because McMasters had retired prior to that time, his pension benefit was vested in the 1999 pension agreement and he had no right to the benefits contained in the 2003 Agreement. Accordingly, the trial court granted Appellees' cross-motion for summary judgment.

On appeal to this court, McMasters argues that the trial court erred in granting Appellees' cross-motion for summary judgment by concluding that the provisions of the Code prohibited the increased benefit sought by McMasters.[2] We disagree.

1. Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §§ 35101–39701.

2. This court's review of an order granting or denying summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Buchanan v. Tax Claim Bureau of Pike County,* 860 A.2d 611 (Pa.Cmwlth.2004).

We initially observe that summary judgment is proper in cases that are clear and free from doubt. *Washington v. Baxter,* 553 Pa. 434, 719 A.2d 733 (1998). Summary judgment should only be granted if there exists no genuine issue of material fact. *Jones v. Cheltenham Township,* 117 Pa.Cmwlth. 440, 543 A.2d 1258 (1988). The court will consider the pleadings in the light most favorable to the non-moving party and any doubt as to the genuine issue of material fact must be resolved against the non-moving party.

In this case, the trial court determined that summary judgment in favor of Appellees was proper because, at the time of McMasters' retirement on May 28, 2002, 53 P.S. § 39303(b)(1) provided that "no service increment shall be paid in excess of one hundred dollars ($100.00) per month." It was not until June of 2002, that 53 P.S. § 39303(b)(6) was added to include the following provision:

> *After the effective date of this clause,* a city may agree to make service increment payments in excess of one hundred dollars ($100) per month as long as such payments do not exceed five hundred dollars ($500) per month, and, in computing such service increments, no employment after the contributor has reached the age of sixty-five shall be included: Provided, that any agreement to provide an increase in service increment payments shall include a proportionate increase into the amount which each contributor shall pay into the retirement fund under clause (2), not to exceed five dollars ($5) per month.

The effective date of this provision was June 19, 2002. The trial court determined that Appellees did not have the authority to enter into an agreement which retroactively applied an amendment beyond that amendment's effective date.

Despite the above language in the Code, McMasters argues that he is seeking to enforce the provisions contained in the 2003 Agreement, which provided an increase in the service increment from $100 to $500 effective January 1, 2002. According to McMasters, there is nothing in the 2003 Agreement which even mentions the Code.

■ Contrary to McMasters' assertion, the 2003 Agreement did not provide for an automatic increase in service increment from $100 to $500 effective January 1, 2002. Rather, the 2003 Agreement provided that the City's ordinances could be amended to reflect a service increment of $500. Thus, the $500 service increment could not be effective until such ordinance was adopted. The City, however, via ordinance, did not have the authority to increase the service increment to $500 until June 19, 2002, when the Code was amended. Cities are created by the Commonwealth and a city, as a non-sovereign, has only those powers authorized by the legislature. *City of Butler v. Fraternal Order of Police, Lodge # 32,* 780 A.2d 847 (Pa. Cmwlth.2001), *petition for allowance of appeal denied,* 568 Pa. 620, 792 A.2d 1255 (2001).

■ McMasters argues, however, that as a subject of mandatory collective bargaining, the City and Council are bound by the express terms of the agreement entered into in the collective bargaining agreement. McMasters claims that a municipal employer is estopped or precluded from claiming any provision of any collective bargaining agreement cannot be complied with because it is contrary to law or illegal when it was a voluntarily agreed to term. *Upper Chichester Township v. Pennsylvania Labor Relations Board,* 153 Pa.Cmwlth. 446, 621 A.2d 1134 (1993), *Grottenthaler v. Pennsylvania State Police,* 488 Pa. 19, 410 A.2d 806 (1980).

Appellees respond that the Code provides for "the payment of a 'service incre-

ment' in accordance with and subject to the conditions hereinafter set forth." 53 P.S. § 39393(b). Appellees further respond that the only manner in which they could grant an increase in pension benefits to active pension recipients, is if express authorization to do so was given by the state legislature. Here, the legislature did not authorize a third class city to increase service increment payments until after June 19, 2002. Additionally, there is nothing in 53 P.S. § 39393 which permits it to be applied retroactively.

In support of its argument that the Code does not grant third class cities authority to increase increments prior to June 19, 2002, Appellees rely on *McVay v. City of Washington*, 129 Pa.Cmwlth. 533, 566 A.2d 367 (1989), and claim that the present case is similar. In *McVay*, former firefighters who retired on January 1, 1980, were receiving benefits to which they were entitled to as of their respective retirements. On the day of their retirement, the Code was amended to allow for the payment of a service increment with respect to new members of the fire department and those who were employed subsequent to the date of the amendment. The former firefighters filed an action in mandamus seeking to compel the payment of service increments based upon a willingness to make additional contributions for each month of employment that preceded their retirements. This court stated:

> Because the Code contains no provision for the retroactive inclusion in service increment benefits, and because the retirees do not qualify under Section 4322(b) of the Code to receive service increments, we hold that the court of common pleas committed no error or abuse of discretion.

*Id.* 566 A.2d at 369.

McMasters claims that *McVay* is distinguishable because the firefighters were su-

ing to obtain a benefit that came about only after they had retired and which had not been the subject of an agreement between the municipality and the firefighters. Here, the 2003 Agreement became effective on January 1, 2002, a date when McMasters was still employed by the police department.

Appellees also argue that the trial court properly concluded that the retroactive application sought by McMasters is inconsistent with the Code provision that states "[n]o ordinance passed by council shall go into effect before ten (10) days from the time of its final passage." 53 P.S. § 36050. In *Borkey v. Township of Centre*, 847 A.2d 807 (Pa.Cmwlth.2004), a township board of supervisors (Supervisors) amended its 1992 pension ordinance. The 1995 pension ordinance provided that the pension benefits for police officer retirees would be based on earnings which included compensatory pay. The Supervisors enacted the 1995 pension ordinance on December 28, 1995 with an effective date of January 1, 1995. The police officer sought to have his pension computed based on the 1995 ordinance. This court observed, however, that in accordance with the Second Class Township Code, the 1995 pension ordinance did not become effective until after the officer's retirement inasmuch as ordinances "are effective five days after adoption unless a date later than five days after adoption is stated in the ordinance." *Borkey*, 847 A.2d at 813. The Court stated:

> The Board had no power to alter or modify the effective date of the 1995 Pension Ordinance to a date earlier than five days after adoption. To allow the Board to establish a January 1, 1995 effective date for an ordinance enacted on December 28, 1995, is simply contrary to positive law. It would be tanta-

mount to allowing the Board to amend the Second Class Township Code.

*Id.*

McMasters claims that unlike *Borkey*, the parties in this case were compelled by law to enter into mandatory collective bargaining over terms and conditions of employment. McMasters claims that a party cannot object to the legality of a provision to which it voluntarily agreed during the collective bargaining process. *Fraternal Order of Police v. Hickey*, 499 Pa. 194, 452 A.2d 1005 (1982) (plurality opinion); *Grottenthaler*.

What McMasters seeks, however, is a monetary benefit which was expressly prohibited by statute at the time of his retirement. As previously stated in *Borkey*, a township cannot amend the Code via implementation of an ordinance. That is exactly what McMasters proposes and what is prohibited by *Borkey*.

In accordance with the above, the trial court properly granted the motion for cross-summary judgment filed by Appellees and we, therefore, affirm its order.[3]

President Judge LEADBETTER dissents.

### ORDER

Now, March 13, 2007, the order of the Court of Common Pleas of Venango County, in the above-captioned matter, is affirmed.

3. Because of our determination, we need not address the remaining issues raised.